Deadekicic, J.,
delivered the opinion of the Court.
This is an action of replevin brought by the plaintiff against the defendant in the Circuit Court of Jefferson county.
Upon the trial of the cause it appeared that one Hin-kle had purchased a mare of the plaintiff. The defendant claimed her, and proposed to Hinkle if he would allow him to take the mare to one Elder, who, he said, ■formerly owned her, that he would return her to him at a specified time, if Elder did not say it was his (Gaut’s) mare. Upon this agreement, Hinkle delivered the mare to Gaut, who refused to return her, insisting that she was his property.
Thereupon Hinkle instituted an action of replevin before A. K. Meek, a Justice of the Peace for Jefferson county, against Gaut, which was tried by Meek and two other Justices of said county, and they gave judgment against Hinkle for the mare. No appeal was taken from said judgment. Plaintiff was present prosecuting the suit for Hinkle. After the judgment was rendered, Hinkle, who had obtained the mare upon his writ of replevin, re-delivered her to Gaut in conformity to the judgment of the Justices — recanted his trade with *401 plaintiff, and received back from him the .amount he had paid him for the mare.
Plaintiff then instituted this suit against the defendant, Gaut, to recover the mare, and she was taken out of the possession of the defendant and delivered to the plaintiff, by the sheriff. Upon the trial, the defendant offered in evidence the record . of the former trial between Hinkle, the vendee of plaintiff, and the defendant. The plaintiff objected to this evidence, but his objection was overruled by the Court, and it was allowed to be read to the jury. Verdict and judgment were rendered for defendant, and the Court refused a new trial; the plaintiff appealed in error to this Court.
The plaintiff’s counsel now insist in argument, that the admission by the Court below, of the proceedings before the Justices, in the trial between Hinkle and Gaut, was erroneous, because a Justice’s court is a court of special or limited jurisdiction, and that it must appear, affirmatively from the record or otherwise, that the Justice had jurisdiction of the subject matter of the suit; and if it appeared from the evidence that the property was worth'more than $100, then the judgment would be void, as, at the time of bringing this suit, a Justice’s jurisdiction in replevin cases was limited to $100. If it appears from the record of the proceedings, or upon the face of the judgment, that the court or Justice rendering it had no jurisdiction of the person or the subject, such judgment would be void, and, of course, inadmissible as evidence. But the presumptions in favor of the validity of á judgment when introduced collaterally, as evidence, are much stronger than those that arise in its favor *402 when, it is brought by appeal or otherwise, for revision, from a lower to a higher tribunal.
In this case, we are of opinion that it sufficiently appears that the Justices had jurisdiction in the case of Hinkle against Gaut; and being a judgment upon the merits, it is conclusive upon them and their privies.
The affidavit, bond and writ in this case, before the Justices, are all in substantial compliance with' the Code. The plaintiff is not required to state the value of the property in his affidavit, nor is the Clerk required to state it in his writ;- but the Clerk is required to take a bond from plaintiff, in double the value of the property. Code, 3376, 3379; and it is made the duty of the Clerk to value the property; and these are all the provisions of the Code in regal’d to the mode of ascertaining the value of the property proposed to be replevied. In the case before the Justice, he has taken a bond of plaintiff in the sum of two hundred dollars, in conformity to the provisions of the Code, 3377, requiring the Clerk to take a bond in double the value of the property, which sufficiently ascertains the value of the property to be $100, and shows that the Justice had jurisdiction. The Justice is his own clerk, and the method pursued in obtaining the writ from him is the same as where the suit is prosecuted in court.
Let the judgement of the Circuit Court be affirmed.