\* GODSEY *v.* WEATHERFORD.

(*Jackson.* May 24th, 1888.)

JURISDICTION. *Justice's. Replevin. Amount.*

A Justice of the Peace is authorized to render judgment against an unsuccessful plaintiff in a replevin suit, who fails or refuses to deliver up the property, for any sum that the proof may justify, not exceeding $1,000.

Code cited: §§ 4130, 4133 (M. & V.); §§ 3394, 3397 (T. & S.).

Cases cited and approved : Jacobs *v.* Parker, 7 Bax., 438 ; Gray *v.* Jones, 1 Head, 545.

FROM SHELBY.

Appeal in error from Circuit Court of Shelby County. L. H. ESTES, J.

J. P. SYKES for Godsey.

T. W. & R. G. BROWN for Weatherford.

CALD-WELL, J. This is an action of replevin brought by Weatherford against Godsey and Keel, before a Justice of the Peace of Shelby County, to recover the possession of certain timber, trees, and cord-wood.

\* There was no written opinion on the original hearing.—REPORTER.

The judgment of that tribunal being for the plaintiff, Godsey and Keel appealed to the Circuit Court, where the case was tried by the Circuit Judge without the intervention of a jury, and judgment was again rendered against the defendants. From that judgment they appealed in error to this Court.

The case was heard by this Court at a former day of the present term, when the judgment below was reversed, and judgment was here pronounced in favor of the appellants for $905.13, subject to satisfaction by a return of the property.

Motion is now made by the appellee for a modification and reduction of that judgment, for the reason, as contended, that it is above the jurisdiction of a Justice of the Peace in amount, and to that extent excessive.

In actions of replevin, the jurisdiction of Justices of the Peace is, by statute, expressly limited to cases in which *the property* sought to be recovered does not exceed $500 in value. Code (M. & V.), § 4130.

But it does not follow from this limitation with respect to the value of the property, that the jurisdiction to render a money judgment against the unsuccessful plaintiff, in an action of replevin, is also limited to $500. On the contrary, it is provided by another statute that such judgment shall be for double the value of the property. That statute is in these words: " If the Justice adjudge the property to belong to the defendant,

and the plaintiff fail or refuse to deliver it up to the defendant, the Justice shall render judgment against the plaintiff and his sureties for double the value of the property replevied, and execution shall issue forthwith for the same and the cost of suit." Code, § 4133.

If, in such a case, the Justice find the value of the property to be up to the *maximum* of his jurisdiction—namely, $500—he is then authorized and required, by the very terms of the statute, to give the defendant judgment for $1,000.

Such a judgment for such a sum might lawfully have been rendered by the Justice in the present case; for the value of the property sought to be recovered, and actually taken into the possession of the plaintiff, was by him estimated in his affidavit for the writ at $500, the penalty of his bond was properly made $1,000, and the property is shown to have been worth more than the estimate he placed upon it. So that, under the strict law, the judgment of this Court might well have been for at least $1,000 and interest.

But the appellants sought judgment for only $905.13, the established value of their property, wrongfully detained under the plaintiff's writ, and for that sum only did this Court pronounce judgment. In this there is nothing of which the plaintiff can rightfully complain.

The objects of the statutes mentioned are very clear, and they are not in conflict with each other in any sense.

The former was intended to limit the jurisdiction of the Justice to *property* not of greater value than $500; while the latter was intended to meet certain cases therein provided for, and to authorize him, in such cases, to render judgment against *the unsuccessful plaintiff for double the value of the property*, so as to compel its return to the defendant.

It may be that the latter statute might operate as a hardship upon a plaintiff who could not restore the property, and thereby avoid the payment of twice its value; but such suggestion can have no sort of force here, for, as already seen, the judgment pronounced is for only the actual value of the property.

The construction we give to Sec. 41?3 of the Code is suggested in note thereto by the learned editors. It is also suggested, *arguendo*, in *Jacobs v. Parker*, 7 Bax., 438; and the justice of the result reached is strongly intimated in *Gray v. Jones*, 1 Head, 545.

Let the motion be disallowed.