## Connor *v.* Bates.

### (*Jackson.* April 15, 1893.)

1. Replevin. *Enforcement of judgment.*

   The successful plaintiff in replevin has the right to enforce by execution his alternative money judgment for the value of the property, unless the defendant can return the whole of the property detained, or has the right, under the judgment of the Court, to return less than the whole and to make an ascertained money compensation for the remainder.

   Cases cited and approved: Sayres *v.* Holmes, 2 Cold., 263; Pickett *v.* Bridges, 10 Hum., 171; 104 Mass., 328; 41 N. Y., 317; 20 Wall., 486.

2. Same. *Same.*

   Acts 1885, Chapter 59, has no application to this case. It provides a remedy for a successful defendant in replevin, who has been unable to obtain return of his property or satisfaction of his alternative money judgment.

   Acts construed: Acts 1885, Ch. 59.

---

FROM LAUDERDALE.

---

Appeal from Circuit Court of Lauderdale County. T. J. Flippin, J.

30—8 P

W. E. LYNN for Connor.

JAMES OLDHAM for Bates.

WILKES, J.    This is a petition to supersede and quash an execution issued from the Circuit Court of Lauderdale County.    A motion was made in the Court below to dismiss the petition for want of merits upon its face, which was sustained, and judgment was rendered against petitioner and his sureties for the debt, damages, and cost, from which he has prayed an appeal to this Court.

It appears that at the July term, 1892, of the Circuit Court of Lauderdale County, a judgment was rendered in favor of J. H. & Wm. Bates against John Connor, Jr., in a replevin suit involving the ownership of about 151 saw-logs, valued together at $288.

In the petition it is alleged that the judgment rendered in the replevin suit is in the usual form of such judgments, to wit: That defendants, J. H. & Wm. Bates, were entitled to have the logs returned to them; that they were worth, as a lot, $288, and awarding process of execution for the property, and, if it could not be found, then for the value.    This judgment was against the petitioner, John Connor, Jr., as principal, John Connor, Sr., as surety on the replevin bond, and W. H. White, surety on the bond for appeal from a Justice of the Peace, where the suit originated.

Upon this judgment, what is styled a writ of distringas issued, reciting the recovery of the judg-

ment and its substance, and directing the Sheriff to take from the possession of petitioner the lot of logs recovered, and deliver the same into possession of J. H. & Wm. Bates, and, further, to collect the costs of the cause, amounting to $83.71.

This process came to the hands of the Deputy Sheriff, who collected from petitioner the costs, and receipt for the same was indorsed upon the process. John Connor, Jr., thereupon offered to deliver to the Sheriff, or to the defendants, J. H. & Wm. Bates, all the logs recovered in the replevin suit except twenty-four, which he had removed and shipped to Memphis, and sold after the replevin suit was commenced by him. He also tendered to the Deputy Sheriff $39.03, in lieu of the twenty-four logs which could not be delivered. It is stated in the petition that these twenty-four logs contained 6,455 feet, and that $39.03 was the highest market value of the same, with interest from the date they were replevied.

The Deputy Sheriff, under the advice and direction of the defendants, J. H. & Wm. Bates, declined to receive the $39.03 in lieu of the twenty-four logs, and refused to receive the remainder of the logs, unless the entire lot was delivered. He returned the process, with the facts indorsed as above stated, and thereupon execution issued for the entire value of the lot of logs, reciting upon its face the previous proceedings. This execution was levied upon certain live-stock belonging to Jno. Connor, Jr., and the petition in this cause was

thereupon filed to supersede and quash said execution.

It is insisted that the defendants, J. H. & Wm. Bates, were legally bound to receive the remainder of the logs undisposed of, and the $39.03 in lieu of the twenty-four logs which had been sold, and could not be delivered.

It is further insisted that the issuance of an execution for money was irregular, illegal, and void, because contrary to the provisions of Chapter 59, Acts of 1885, page 114, and, that under this Act, no *fi. fa.* for money can be issued by the Clerk, but such *fi. fa.* must be awarded by the Court after the return of the writ of distringas.

It does not appear that when plaintiff replevied the logs he placed a separate valuation upon them, but they were valued as a lot in gross. Nor were they separately valued on the trial and when judgment was rendered for their recovery. Unless a separate valuation had been made of the articles replevied, the party replevying the same could not require the opposite party to accept a portion of the articles replevied, and a money compensation for the remainder.

If he desired to avail himself of this privilege, he should have shown upon the trial the value of such articles as he could not return.

The Sheriff, in executing his writ, had no authority to receive a portion of the property directed to be returned, and a money compensation for the articles not returned. Neither the Sheriff

nor the party proposing to return the property or money in lieu had any power to fix the value of the articles returned, nor could the Sheriff do so in the absence of the property which had been sent away and sold, even if he had such authority.

It is true that if the property is of a distinctive separate character or kind, and capable of distinctive separate delivery, the party cast in the suit ought to have the right to deliver what he can and pay for what he cannot. *Pickett* v. *Bridges,* 10 Hum., 171.

This, however, cannot be done unless a separate, distinct valuation is placed upon the several articles sued for. After the judgment, the right to fix a separate value upon the several articles replevied no longer existed. See also *Sayres* v. *Holmes,* 2 Cold., 263; *Stevens* v. *Tuite,* 104 Mass., 328; Sutherland on Damages, Vol. III., p. 561.

We think the effect and construction of the Act of 1885, Chapter 59, page 114, need not be considered in this case. That Act applies only to cases where the property has not been returned to the defendant, and a writ of *fi. fa. has issued, and been returned unsatisfied in whole or part.*

The fact that it appeared upon the trial that twenty-four of the logs had been sold, and could not be delivered, cannot affect the conclusion reached. The petitioner should have shown the value of the twenty-four logs thus sold by him, on the trial, if he desired to make money compensation for them instead of returning them in

kind.　See *Cochran* v. *Gott,* 41 N. Y., 317; *Baily* v. *Griswold,* 20 Wall., 486; Am. & Eng. Ency. of Law, Vol. XX., p. 1115.

The Court is of opinion that petitioner was not entitled to any relief under his petition, and the judgment of the Court below is affirmed with costs.