Nighbert v. Hornsby.

NÍGHBERT  v.  HORNSBY.

(*Knoxville.*   November  10,  1897.)

1. SUPREME COURT. *Presumption where charge is omitted from record.*

Where the charge is not made part of the record, this Court conclusively presumes that the jury was correctly instructed upon all questions of law arising on the evidence. (*Post, p. 84.*)

Cases cited and approved: Railroad v. House, 96 Tenn., 552; Railroad v. Foster, 88 Tenn., 671; Ins. Co. v. Sturges, 12 Heis., 339; Lane v. Keith, 2 Bax., 189.

2. SAME. *Sustains verdict, when.*

This Court will not disturb the jury's finding upon the facts if there is any evidence to sustain it; and, in determining whether or not there is such evidence, the strongest legitimate view of the evidence adverse to appellant will be taken as true. (*Post, pp. 84, 85.*)

Cases cited and approved: Railroad v. House, 96 Tenn., 552; Transit Co. v. Seigrist, 96 Tenn., 120; Kirkpatrick v. Jenkins, 96 Tenn., 85.

3. EXECUTION. *Facts that constitute a valid levy.*

An officer need not take manual possession of property levied upon, or at the moment of the levy indorse his action on the execution, but it is sufficient if he goes into the presence of the property levied upon, with the power and purpose then and there to seize it under a valid execution, and really assumes control of the property, with the knowledge of the execution debtor, and then leaves the property in his custody by his consent, on his promise to keep it safely until demanded for sale, noting the fact of the levy upon a separate paper, and subsequently indorsing it properly on the execution. (*Post, p. 85, 86.*)

Cases cited and approved: Evans v. Higdon, 1 Bax., 245; Bradley v. Kesee, 5 Cold., 223; Brown v. Allen, 3 Head, 429; Tyler v. Dunton, 1 Tenn. Chy., 367.

4. SAME. *Levy not vitiated by failure to take delivery bond.*

Failure of an officer to take a delivery bond, as authorized by statute, on leaving property levied upon in possession of the execution debtor, does not invalidate the levy, as the statute is directory only. *(Post, p. 86.)*

Code construed: § 4772 (S.); § 3757 (M. & V.); § 3044 (T. & S.).

Case cited and approved: Brown *v.* Allen, 3 Head, 429.

5. REPLEVIN. *Erroneous judgment on bond.*

A judgment on a replevin bond, rendered at the trial term before plaintiff has had an opportunity to return the property, and before the issuance of an execution, is premature, under Shannon's Code, § 5145, allowing such a judgment only after plaintiff has failed to return the property and after the return of an execution unsatisfied in whole or in part, and then at the term of court to which the execution has been returned. *(Post, pp. 86–88.)*

Act construed: Acts 1885, Ch. 59.

Code construed: § 5145 (S.).

Case cited and approved: Conner *v.* Bates, 92 Tenn., 469.

6. SAME. *Same. Not cured by stay.*

A defect in a judgment on a replevin bond, in rendering the same before the return of an execution unsatisfied, in whole or in part, is not cured by a provision therein staying its operation for forty days. *(Post, p. 87.)*

7. SAME. *Proper judgment in case originating before Justice of the Peace.*

A judgment on a replevin bond, in an action originating before a Justice of the Peace, should, under Shannon's Code, § 5152, be for double the value of the property if not returned, instead of for the full amount of the bond. *(Post, pp. 86–88.)*

Code construed: § 5152 (S.); § 4133 (M. & V.); § 3397 (T. & S.).

Cases cited and approved: Godsey *v.* Weatherford, 86 Tenn., 670; Jacobs *v.* Parker, 7 Bax., 438.

8. SUPREME COURT. *Will enter correct judgment.*

This Court will correct the judgment of the lower Court and enter such judgment upon the verdict as that Court should have rendered. *(Post, p. 88.)*

Nighbert *v.* Hornsby.

Cases cited and approved: Fugate *v.* Stapleton, 6 Bax., 321; Alloway *v.* Nashville, 88 Tenn., 512; Johnson *v.* Chattanooga, 97 Tenn., 247.

---

FROM ROANE.

---

Appeal from Circuit Court of Roane County. W. R. HICKS, J.

YOUNG & YOUNG for Nighbert.

WELCKER & McNUTT for Hornsby.

CALDWELL, J.  Hornsby, as Deputy Sheriff, was about to sell, under execution, a certain lot of corn belonging to Nighbert, when Nighbert brought this action of replevin to regain possession and prevent the sale.  Verdict and judgment were for the defendant and plaintiff appealed in error.

1. The charge of the Court below is not in the record, hence, this Court will presume that the jury was correctly instructed upon all questions of law arising upon the proof in the case, and need not consider any of the legal propositions urged in the brief of plaintiff's counsel. *Railroad* v. *House*, 96 Tenn., 552; *Railway Cos.* v. *Foster*, 88 Tenn., 671; *Insurance Co* v. *Sturges*, 12 Heis., 339; *Lane* v. *Keith*, 2 Bax., 189.

2. The principal and controlling controversy of fact at the trial was whether or not the defendant had made a levy on the corn involved.  The ver-

dict of the jury is conclusive upon this question if there is any evidence to sustain it, and in determining whether or not there is such evidence the strongest legitimate view of the testimony against the plaintiff is, by this Court, taken as true. *Railroad* v. *House*, 96 Tenn., 552; *Citizens' Rapid Transit Co.* v. *Seigrist, Ib.*, 120; *Kirkpatrick* v. *Jenkins, Ib.*, 85, and cases cited.

The substance of the most cogent evidence against the plaintiff is (1) the indorsement of a levy in due form upon the back of the execution; (2) the statement of a witness, who was present, that the defendant, having the execution, said to the plaintiff, who pointed out the property, that he would make the levy, and, if indemnified, would advertise and sell; that having said this, he asked the plaintiff if he would be responsible for the property until the day of sale, and received the reply that "it would be there," and that the defendant "noted down on an envelope [the] property he levied on," and went away without "removing the corn or nailing it up;" and (3) that defendant soon indorsed the levy on the execution and notified the plaintiff that he had received an indemnity bond and would advertise and sell the property. These facts are ample to support the verdict, notwithstanding a greater volume of testimony in plaintiff's favor. Undoubtedly, they tend to establish the fact that the defendant actually made a valid levy. More is not needed to sustain the verdict in this Court.

3. It was not indispensable in law that the officer should take manual possession of the property, or that he should at the moment of the levy indorse his action upon the execution. It was sufficient if, as indicated by the evidence mentioned, he went into the presence of the property in question with the power and purpose then and there to seize it under a valid execution, and, by virtue of the writ, really assumed control of the property, as upon a manual seizure, with the plaintiff's knowledge, and, having done that, then left the property in the plaintiff's custody by his consent and with his promise to keep it safely until demanded for sale, first noting the fact of the levy upon another paper, and subsequently, in due season, making proper indorsement on the execution itself. Tidd's Practice, 1013; Caruther's Hist. Lawsuit, Sec. 447, p. 297; *Ethridge* v. *Edwards*, 1 Swan, 426; *Evans* v. *Higdon*, 1 Bax., 245; *Bradley* v. *Kesee*, 5 Cold., 223; *Brown* v. *Allen*, 3 Head, 429; *Tyler* v. *Dunton*, 1 Tenn. Chy., 367, 368; Freeman on Executions, Sec. 260.

4. Though the statute authorizes a delivery bond when the property is left by the levying officer in the possession of the execution debtor (Code, § 3044; M. & V., § 3757; Shannon, § 4772), and it is always safer and better for the officer to take such a bond, his failure to do so does not affect the validity of the levy. *Brown* v. *Allen*, 3 Head, 429. The statute is directory and remedial merely.

5. The jury returned a verdict in favor of de-

Nighbert *v.* Hornsby.

fendant, and fixed the value of the corn replevied
at $52.50.    Upon that verdict the Court pronounced
judgment in favor of the defendant, and against the
plaintiff and the sureties on his replevin bond, for
$250, the penalty of the ·bond, to be satisfied by a
return of the corn or the payment of $52.50, its
value.    The judgment contained the recital that,
unless the corn should be returned, or its value paid
within forty days, an execution should issue for the
$250.

There are two distinct errors in this judgment.
It is erroneous (1) because for the penalty of the
bond, and (2) because not for double the value of
the property.

Judgment for the penalty of the bond, without
reference to the value of the property, is allowable
only after the plaintiff has failed to return the prop-
erty, and a writ of *fi. fa.*, has been returned unsat-
isfied, in whole or in part, and then at the term of
the Court to which that writ shall have been so
returned.    Acts 1885, Ch. 59, Sec. 1; Code (Shan-
non), § 5145; *Conner* v. *Bates*, 92 Tenn., 469.    This
judgment was rendered at the trial term, before the
plaintiff had an opportunity to return the property,
and before an execution had been issued; hence, it
was premature, and unauthorized.    The fact that it
was stayed, by its own terms, for forty days, did
not cure the defect.    The statute is summary, and
must be strictly pursued.

The suit originated before a Justice of the Peace,

whose judgment, if for the defendant, should, under the law, have been for double the value of the property if not returned. Code, § 3397; (M. & V.), § 4133; (Shannon), § 5152. The same law was applicable, on appeal, in the Circuit. Court; consequently, the judgment in the latter Court should have been for double the value of the property, to be satisfied by a return of the property. *Godsey* v. *Weatherford*, 86 Tenn., 670; *Jacobs* v. *Parker*, 7 Bax., 438.

6. This Court has power to render such a judgment as the trial Judge should have rendered (*Fugate* v. *Stapleton*, 6 Bax., 321; *Alloway* v. *Nashville*, 88 Tenn., 512; *Johnson* v. *Chattanooga*, 97 Tenn., 247); and in the exercise of that power it now directs that judgment be entered here as indicated above.