## HAMILTON *v.* HENNEY BUGGY CO.

*(Jackson.* May 30, 1899.)

1. REPLEVIN. *Proper judgment on the several bonds.*

A judgment of this Court upon affirming a judgment of the Circuit Court, which affirmed a judgment of a Justice of the Peace for defendant in replevin, will, if all the bonds are in the penalties required and sufficient, be against plaintiff and his original sureties for double the value of the property, to be satisfied by its return, and for the damages and cost, and also against the sureties on appeal from the Justice to the Circuit Court for the same measure of relief, and against the sureties for the appeal to the Supreme Court only for costs and damages, consisting of interest on the recovery, but the judgment against the sureties on the Justice's appeal bond must be limited to cost if the bond is so limited, and the recovery on the original replevin bond must be limited to the amount of its penalty.

Code construed: §§ 5152, 5144 (S.); §§ 4133, 4126 (M. & V.); §§ 3397, 3390 (T. & S.).

2. SAME. *Same. Acts* 1885 *construed.*

Acts 1885, Ch. 59, does not affect or contemplate any change in the form or substance of an original judgment for defendant in replevin. That Act simply contemplates and provides for a supplemental judgment, not extinguishable, in whole or in part, by return of the property for any part of the original judgment that may remain unsatisfied upon the return of the first execution thereon.

Act construed: Acts 1885, Ch. 59.

Cases cited: Nighbert *v.* Hornsby, 100 Tenn., 82.

---

### FROM SHELBY.

---

Appeal in error from the Circuit Court of Shelby County. LEVI S. WOODS, J.

J. E. POPE and ELI FRIEDLOEB for Hamilton.

CARUTHERS MALLORY for Buggy Company.

SNODGRASS, Ch. J.  This is a replevin suit in which there was judgment below for defendant. On appeal here the judgment was affirmed, and the question arises as to what is the proper judgment here against principal and sureties below and sureties on appeal to this Court.

This suit commenced before a Justice of the Peace, and proper judgment therein by him to be rendered is provided for in § 3397 of the Code (M. & V., § 4133; Shannon, § 5152). This section, it will be seen, contemplates judgment for the property, and, if plaintiff fails to deliver it up, further judgment for double the value of the property. This did not necessitate two judgments. Construction has made the form of it to be that "defendant recover of plaintiff and his sureties $— (double the value of the property replevied), but to be satisfied by a return of the property;" and also for damages for detention, and cost. The latter, of course, not to be satisfied otherwise than by payment. And, accordingly, execution runs. In cases of replevin originating in the Circuit Court, judgment in favor of defendant was provided for in § 3390 of the Code (M. & V., § 4126; Shannon, § 5144). It was for return of the property, or on failure, that the defendant recover the value of the property, with interest thereon, and damages for any detention. There is, therefore,

under this section, a judgment for the value of the property, to be satisfied by its return, and, further, for the interest and damages, not to be satisfied except by payment.

It will be observed, however, that in both these sections of the Code no provision was made for any judgment not in this alternative form, so that from term to term of Court executions might run always, at least in part extinguishable, by a return, however late, of the property. The Legislature deemed this an omission needing to be supplied, and the Act of 1885, Ch. 59, was passed for this purpose. It in terms amended the last section cited (Sec. 3390) by providing that if such alternative judgment was rendered, and execution issued thereon and was returned, showing that the property had not been returned and the execution had not been satisfied in whole or in part, the defendant was then entitled to a final judgment against the plaintiff and his sureties for the whole of the original judgment, or so much of it as remained unsatisfied, in dollars and cents, and not to be thereafter extinguishable in whole or in part by a return of the property. This was the object and entire scope of the Act of 1885. It made no change in the form or substance of an original replevin judgment, and was not intended to do so.

In the case of *Nighbert* v. *Hornsby*, 16 Pickle, 82, it was expressly decided that judgment of the Justice and Circuit Court thereon must be as before

this Act. It was said in that case that "judgment for the penalty of the bond, without reference to the value of the property, is allowable only after the plaintiff has failed to return the property, and the writ of *fi. fa.* so showing has been returned unsatisfied, in whole or in part." This was correct so far as it refers to such execution returned wholly unsatisfied, if the Act applies to a replevin suit originating before a Justice, because it was spoken of a Justice's judgment, or in cases originating before a Justice, which, as we have seen, is for "double" the value of the property, and "double" the value of the property is the penalty of the bond by statute. It would, therefore, follow that if in such a case a *fi. fa.* had been issued and returned, showing the property adjudged to defendant was not delivered, and the execution in whole unsatisfied, the final judgment would follow unconditionally for double the value of the property, which would be the penalty of the bond. But, if the execution was returned in part satisfied, this judgment would be for such double value or penalty, less the amount collected on the execution. This Act was discussed in that case, but was not applied, as the case was not one calling for its application. The statute in terms applies only to judgments rendered in cases originating in the Circuit Court. Whether it must be also applied to cases appealed there from Justices we need not now decide, as we are not called upon to apply it at

Hamilton *v.* Henney Buggy Co.

all. The judgment rendered in the Circuit Court was not the second or absolute one authorized by the Act, and, therefore, the Act can have no application.

As to the judgment to be rendered here: It is the same as the Circuit Court (in case of appeal from a Justice of the Peace) should have rendered against plaintiff and his original sureties—for double the value of the property (to be satisfied by its return), and for the damages and costs, and, also, against sureties on appeal from the Justice to Circuit Court for the same, and against sureties on appeal to this Court only for costs and damages, consisting of the interest on the recovery. There is no statute requiring bond for more than damages and cost on appeal to this Court in replevin suits. This is all upon the assumption that the bonds of this record are in the penalties required, and sufficient; but we find no appeal bond from the Justice in the record. There is a recital in the judgment of the Circuit Court of an appeal bond, but only for costs. The penalty of the original bond was only $300. The property was proven to be of the value of $175. So, as against the sureties on Justice's appeal bond, the judgment must be limited to costs of the appeal to the Circuit Court, and, as against those on the original replevin bond, the recovery must be limited by amount of its penalty. Judgment will be accordingly entered.