# W. E. Leach *et al. v.* W. J. Rich.

## (*Jackson,* April Term, 1917.)

REPLEVIN. Right of action or replevin bond. Statute. Exclusive character of remedy.

Acts 1905, chapter 31, Thompson-Shannon's Code, section 5152a, declaring that if the justice finds the issue in favor of defendant, and adjudges the property replevied to belong to defendant, or plaintiff dismisses or fails to prosecute his suit, the justice shall render judgment against plaintiff and his sureties on the re-replevin bond that the property replevied be returned to defendant, or failing return, that defendant recover of plaintiff and sureties the value of the property replevied, etc., provides a summary remedy which is not exclusive, and plaintiff could maintain an action on two bonds given by defendants in a replevin suit after defendant had dismissed such suit, since summary remedies, being in contravention of the common law, are cumulative in the absence of language showing they were intended to be exclusive.

Acts cited and construed: Acts 1905, ch. 31; Acts 7883, ch. 59.

Cases cited and approved: Nighbert v. Hornsby, 100 Tenn., 87; Godsey v. Weatherford, 86 Tenn., 670; Colby v. Yates, 59 Tenn., 267; Dornan Bros. v. Benham Furniture Co., 102 Tenn., 303; Hamilton v. Henney Buggy Co., 102 Tenn., 714; Connor v. Bates, 92 Tenn., 465; Keelin v. Graves, 129 Tenn., 115; Lindsey v. Hewitt, 42 Ind. App., 573; Whitney v. Lehmer, 26 Ind., 503; Yelton v. Slinkard, 85 Ind., 190; State v. Duncan, 71 Tenn., 679.

Code cited and construed: Sec. 5152a (Thomp.-Shann.); sec. 5144, 5145, 5146, 5147, 5152 (S.).

FROM CARROLL.

Appeal from the Circuit Court of Carroll County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court. —Thos. E. Harwood, Judge.

G. T. McCall, J. T. Peeler, and J. W. Murphy, for plaintiffs in error.

P. W. Maddox, J. Sam Johnson and L. A. Hurt, for defendant in error.

Mr. Special Justice W. B. Swaney delivered the opinion of the Court.

The chief controversy in this case is as to the right of defendant in error, W. J. Rich, to maintain an action against plaintiff in error W. E. Leach, trustee, and others, upon two bonds given in a replevin suit originating before a justice of the peace in Carroll county and later taken by appeal to the circuit court. Plaintiffs in error insist that the statutory remedy is exclusive since Acts 1905, chapter 31, now section 5152a, Thomp. Shan. Code, which is as follows:

"If the justice finds the issue in favor of the defendant and adjudge the property replevied to belong to the defendant, or the plaintiff dismisses or fails to prosecute his suit, the justice shall under [render]

judgment against the plaintiff and his sureties on the replevin bond that the property replevied be returned to the defendant or on failure to do so, that the defendant recover of plaintiff and sureties on replevin bond the value of the property replevied with interest thereon and damages for the detention of the same. The value of the property and the damage to be assessed by the justice trying the case, or where the plaintiff fails to prosecute, by the justice trying the case. And the justice may, in proper cases, give exemplary damages in favor of either party, and in all cases where the plaintiff fails to prosecute his suit with effect, the justice may make such valuation as will be likely to effect the return of the property to the defendant if the character of the property is such as to make the return of the specific property important."

The circuit judge and the court of civil appeals concurred in holding to the contrary, and the case is before us upon. petition for *certiorari* for review.

There are several errors assigned, but as the principal error assigned raises this legal proposition, and this is determinative of the suit, we shall confine this opinion to this one assignment, and dispose of the other assignments orally.

The facts necessary to be stated are, in brief, as follows: W. J. Rich, on April 14, 1913, executed a a note to J. F. Leach for the sum of $475.87, due November 1, 1913, and secured same by a deed of trust to W. E. Leach, trustee, on certain live stock

and other personalty. J. F. Leach died on February 19, 1914, intestate. On March 23, 1914, W. E. Leach, trustee, under the deed of trust, at the instance of W. E. Leach and J. W. Murphy, administrators of J. F. Leach, deceased, brought a replevin suit before a justice of the peace against W. J. Rich to recover possession of the personalty described in the deed of trust. A bond for $500 was given by W. E. Leach, trustee, with certain sureties. A plea in abatement was filed to said replevin suit by Rich upon the ground that the value of the property was in excess of $500, and hence the justice of the peace had no jurisdiction. An additional bond for $300 was executed by W. E. Leach, trustee, with sureties, and the plea in abatement was overruled. After a trial judgment was entered against defendant Rich, and the case was appealed by him to the circuit court.

Upon the first trial in said court before a jury, a mistrial occurred. Thereafter a bill was filed by W. E. Leach, trustee, and W. E. Leach and J. W. Murphy, administrators of J. F. Leach, deceased, against W. J. Rich in the chancery court of Carroll county seeking a decree against Rich upon the note for $475.87, which he had executed to J. F. Leach, and averring that Rich had fraudulently obtained possession of said note and was claiming that it had been paid, and asking that the replevin suit then pending in the circuit court be enjoined, and that all matters be settled in that court.

138 Tenn.—7

A preliminary injunction was obtained, as prayed for in the bill.

Rich demurred to the bill, and later answered it and entered a motion for the dissolution of the injunction.

Upon the trial of said motion, the chancellor ordered that the motion to dissolve the injunction be disallowed upon condition that complainant, W. E. Leach, trustee, sign and file agreement that he would dismiss the replevin suit in the circuit court upon the termination of the chancery suit. This was agreed to in the following instrument:

"In this cause, as per order of court requiring us to dismiss the suit of *W. E. Leach, trustee,* v. *W. J. Rich,* in the circuit court of Carroll county, Tenn., on the termination of this suit as a condition of overruling the defendant's motion to dissolve the injunction issued in this cause, we accordingly agree that when this suit is terminated said suit in the circuit court will be dismissed. This December 3, 1914.

"LEACH & MURPHY, Administrators."

"W. E. LEACH, Trustee.

It should be stated that shortly after W. E. Leach, trustee, obtained possession of the personalty under the writ of replevin he sold all of said property except the wagon at public outcry for the sum of $495.05, and returned the wagon to Rich. A jury was demanded by Rich in the chancery case, and

two issues of fact were submitted to said jury under the direction of the chancellor as follows:

"First. Is the note for $475.87, dated April 14, 1913, made payable to J. F. Leach, in controversy in this cause, the property of the estate of said J. F. Leach? Second. Does the defendant W. J. Rich owe the complainants, as administrators of said estate, said $475.87, or any part thereof?"

Both of said issues were found by the jury in favor of the defendant Rich, and thereupon a decree was entered dismissing the complainants' bill with costs.

At the October term, 1915, of the circuit court W. E. Leach, trustee, appeared in said court and moved to be allowed to dismiss the replevin suit of *W. E. Leach, Trustee,* v. *W. J. Rich,* in accordance with his written agreement made under the direction of the chancery court, and asked that a jury be impaneled to hear proof and fix the value of the property replevied by him from defendant Rich, and to assess damages, if any, for the wrongful detention of said property. Thereupon the circuit judge asked the attorneys for Rich what they had to say, and they replied that they did not desire to take any further steps in said court, and an order was entered dismissing said replevin suit at the cost of plaintiff and his sureties.

The attorneys for Rich had by plea in abatement and otherwise insisted that the justice of the peace did not have jurisdiction of said case because the property replevied was worth exceeding the sum of $500.

and not within his jurisdiction, and did not want to be limited to that sum in their recovery.

Shortly thereafter the present suit was brought by W. J. Rich in the circuit court of Carroll county against W. E. Leach, trustee, and W. E. Leach and J. W. Murphy, administrators of the estate of J. F. Leach, deceased, and the bondsmen, upon the two bonds for $500 and $300, respectively, given in the replevin suit before the justice of the peace. The writ was for the sum of $5,000. The declaration was quite lengthy and set out the two bonds sued on in full, and stated all the facts as to the replevin suit and execution of bond, seizure of property, sale thereof, and all other steps taken thereunder for benefit of the estate of J. F. Leach, deceased, and the active steps taken by the administrators of said estate and the wrongful conversion of said property and failure and refusal to return same, and all other necessary facts, not now necessary to repeat.

Demurrers and pleas were filed to said declaration, and among other defenses made by defendants was the plea that Acts 1905, chapter 31, heretofore copied, was the only remedy plaintiff had.

The court overruled this defense, and the case was tried before a jury, who rendered a verdict in favor of plaintiff and against all the defendants for the sum of $538 as the value of the property that was sold by W. E. Leach, trustee, the sum of $128.69 for its wrongful detention, and the sum of $83.39 interest, making in all the sum of $750.

Leach v. Rich.

Prior to Acts 1905, chapter 31, the statute on this subject was as is found in Shannon's Code, section 5152:

"If the justice adjudge the property to belong to the defendant, and the plaintiff fail or refuse to deliver it up to the defendant, the justice shall render judgment against the plaintiff and his sureties for double the value of the property replevied, and executed shall forthwith issue for the same and the cost of suit."

It will be observed that this statute did not authorize the justice to give a summary judgment for the value of the property or for damages for the wrongful taking and detention and use thereof, or other full relief, as was provided in Shannon's Code, sections 5144, 5145, and 5146, in cases originating in the circuit court. The only judgment that could be rendered by a justice, or by the circuit court in a case originating before a justice, where the defendant succeeded, was for double the value of the property replevied, to be satisfied upon the return of the property. *Nighbert* v. *Hornsby,* 100 Tenn., 87, 88, 42 S. W., 1060, 66 Am. St. Rep., 736.

In *Godsey* v. *Weatherford,* 86 Tenn., 670, 8 S. W., 385, it was held that notwithstanding the fact that the jurisdiction of a justice in replevin suits was limited to $500, that fact did not preclude him from granting a judgment for more than $500 on a bond in the case for $1,000, to be satisfied upon the return of the property. Should it develop in the proof

that the property replevied was worth more than $1,000, of course the justice could not under this decision have gone beyond that amount.

Acts 1885, chapter 59 (Shannon's Code, section 5145), undertook to provide a remedy by summary judgment · in all cases of replevin where judgment had been rendered in the alternative and the goods had not been returned, and the writ of *fieri facias* had been returned unsatisfied in whole or in part.

In *Colby* v. *Yates,* 12 Heisk. (59 Tenn.), 267, it was held that the defendant in a successful replevin had an independent right of action against the plaintiff for damages for injury to the property during its detention, and that he was not compelled to resort to the remedy given by the statute, now Thompson-Shannon's Code, section 5144, but it was intimated that it might be different as to damages for the detention of the property. The last utterance was *dictum,* and hence we do not feel bound by it.

There are several cases in our reports dealing with the rights of a defendant in replevin suits, such as *Dornan Bros.* v. *Benham Furniture Co.,* 102 Tenn., 303, 52 S. W., 38, *Hamilton* v. *Henney Buggy Co.,* 102 Tenn., 714, 52 S. W., 160, *Connor* v. *Bates,* 92 Tenn., 465, 22 S. W., 4, and cases heretofore cited, but they furnish very little aid in the solution of the present controversy.

As was intimated by Chief Justice NEIL, in *Keelin* v. *Graves,* 129 Tenn., 115, 165 S. W., 232, L. R. A., 1915A, 421, Acts 1905, chapter 31, was intended to

give substantially the same form of judgment before a justice as is provided in Thompson-Shannon's Code, section 5144, by the circuit court.

We have been unable to find any case deciding the question in this State, and none has been called to our attention. There is considerable conflict in the decisions of other States, but the weight of authorities both in number and principle is in favor of the defendant in error. 34 Cyc., 1577, and cases cited.

In *Lindsey* v. *Hewitt*, 42 Ind. App., 573, 86 N. E., 446, in construing a statute somewhat similar to ours, the reason given for the holding was that the right of action arises by the common law out of a breach of contract, and the statute giving a remedy without negative words, the common-law remedy still remains and may be pursued at plaintiff's option. *Whitney* v. *Lehmer*, 26 Ind., 503, is directly in point. See, also, *Yelton* v. *Slinkard*, 85 Ind., 190. It has been held in many cases that the dismissal of a replevin suit by the plaintiff for any reason is a breach of the condition of the replevin bond to prosecute the action "with effect." 34 Cyc., 1578, and cases cited.

In 34 Cyc., 1589, the general principles governing such cases are stated as follows:

"The bond given in an action of replevin is intended as indemnity for both the officer and defendant in the action, and either may have a right of action thereon in case of a breach of its conditions. An action cannot be maintained upon the replevin bond until a final determination of the action in which

it was executed, but subject to any conditions prec-
edent which are required to be complied with, such
action may be brought as soon as there is a breach of
the conditions of the bond either by failure to pros-
ecute the action of replevin with effect, or to comply
with the judgment rendered therein. A failure of the
jury, in the action of replevin to assess the value of
the property as required by statute, will not prevent
defendant from recovering its value in an action on
the bond. Plaintiff in replevin cannot after giving
bond and getting possession of the property dismiss
the action without prejudice and relieve himself and
the sureties on the bond from liability, and although
in case of a dismissal by plaintiff defendant has a
right to have a judgment rendered determining his
rights, his failure to do so will not prevent him from
suing upon the bond to recover such damages as he
has sustained, although it has been held that if the
action of replevin is dismissed on motion of defend-
ant, and judgment rendered in his favor, he cannot
maintain an action against the sureties on the bond to
recover damages for a detention of the property by
plaintiff in replevin where no claim therefor was
presented to and passed upon in the replevin action.''

The remedy given by this statute is summary in its
character, and there is nothing to indicate that it was
intended to be exclusive. Summary remedies, being in
contravention of the common law, are generally held
to be cumulative in the absence of language showing

that they are intended to be exclusive. 37 Cyc., 528, citing cases.

In *State* v. *Duncan,* 3 Lea. (71 Tenn.), 679, it was held that a statute creating a new remedy without expressly repealing the old remedy is merely cumulative, and will not deprive a court of its jurisdiction to enforce the old remedy. There is nothing in Acts 1905, chapter 31, to show that the former remedies on the replevin bond were abolished. In addition to the foregoing we have a statute which appears to be persuasive, if not absolutely controlling

Chapter 14 of Thompson-Shannon's Code treats of summary proceedings against officers of various kinds, attorneys at law, sureties, stayors, etc., and in section 5358 provides as follows:

"The remedy by motion is cumulative, and does not deprive the plaintiff of any other remedy allowed by law for his redress."

We think there is no error in the decision of the court of civil appeals. The writ of *certiorari* is accordingly denied.