JAMES H. FRAZIER *v.* NASHVILLE GAS & HEATING CO.

*(Nashville,* December Term, 1931.)

Opinion filed February 13, 1932.

Robert L. Sadler and James H. Frazier, for plaintiff in error.

B. O. BRILEY, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

An execution was levied upon plaintiff's goods to satisfy a judgment for $91 and costs. He sued and recovered possession in an action of replevin commenced before a justice of the peace. The execution creditor substituted for the levying officer under Shannon's Code, section 4498, appealed to the circuit court and there challenged the jurisdiction of the court by a motion to dismiss predicated upon the technical record.

By section 5149 of Shannon's Code the jurisdiction of justices of the peace in replevin actions is limited to cases wherein the value of the goods does not exceed $500, and the appellate jurisdiction of the circuit court is that of the justice of the peace. *Crow* v. *Cunningham,* 5 Cold., 258; *Patterson* v. *Sheffield,* 7 Heisk., 374.

It appeared from recitals in the replevin bond and in the writ that the value of the goods involved was in excess of $500, the circuit judge dismissed the case and rendered a judgment against the plaintiff and his sureties on the replevin bond as for the causes enumerated in chapter 31, Acts of 1905, carried into Shannon's Code, section 5152. This statute provides:

"If the justice finds the issue in favor of the defendant and adjudge the property replevied, to belong to defendant, or the plaintiff dismisses or fails to prosecute his suit, the justice shall render judgment against plaintiff and his sureties on the replevin bond that the property replevied be returned to defendant, or on failure to do so, that defendant recover of plaintiff and sureties on the replevin bond the value of the property."

This statute was construed and applied in *Keelin* v. *Graves,* 129 Tenn., 114, and *Leach* v. *Rich,* 138 Tenn., 94. The object of the Act was to coordinate the practice in the circuit court and before a justice of the peace by prescribing substantially the same form of judgment. as that provided for in section 5144 of Shannon's Code, applicable to courts of record.

Plaintiff insists that if the court could not exercise jurisdiction it could only dismiss the case and tax costs as provided in section 4951 of Shannon's Code and that it was error to render judgment upon the replevin bond.

Since the value of the property replevined was beyond the jurisdiction of the court no judgment could be rendered on the replevin bond. *Jacobs* v. *Parker,* 7 Baxt., 434. Before the statute, Shannon's Code, section 4957, the court, if without jurisdiction, could do no more than strike the case from the docket. The statute merely empowered the court to tax costs. *Nashville* v. *Wilson,* 88 Tenn., 409.

Moreover, the summary money judgment provided for in section 5152 of Shannon's Code could not be rendered on the replevin bond without evidence of the value of the property. *Keelin* v. *Graves,* 129 Tenn., 114.

The action should have been dismissed with taxation of costs against plaintiff and his surety on the bond, leaving defendant to his remedy on the replevin bond, or to his action on the case to recover the property as indicated in our cases of *Jacobs* v. *Parker, supra;. Nighbert* v. *Hornsby,* 100 Tenn., 82, and *Leach* v. *Rich,* 138 Tenn., 94.

The judgment of the trial court will be accordingly modified.