SECURITIES INV. CO. *et al. v.* PIONEER SALES CO.

(*Nashville*, December Term, 1941.)

Opinion filed April 4, 1942.

ALBERT WILLIAMS, JOE BROWN CUMMINGS, and KENNETH HARWELL, all of Nashville, for plaintiff in error, Securities Inv. Co.

J. M. INGRAM, of Columbia, for defendant in error, Pioneer Sales Co.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Securities Investment Company replevined a car from Pioneer Sales Company, executing a replevin bond conditioned to abide by and perform the judgment in the premises. The trial court gave plaintiff a judgment. The Court of Appeals reversed and dismissed the action. Its judgment reads:

"This cause coming on to be heard upon a transcript of the record from the Circuit Court of Maury County, assignments of error, reply brief and argument of counsel, upon consideration whereof the Court is of opinion that in the judgment of the Court below there is error.

"It is therefore ordered and adjudged by the Court that the judgment of the Court below be reversed, the suit dismissed and that the Securities Investment Company will pay all of the costs of this cause, for which let *fieri facias* issue."

It will be seen that this judgment did not award possession of the car to the defendant company; no remand was ordered, nor was any provision made in the judgment for damages for detention. The costs were paid as adjudged. Later, Pioneer Company made application to the Court of Appeals for an amendment of the judgment so as to award a return of the car and damages for detention, which was declined on the ground that it came too late, the court having lost jurisdiction of the case.

The instant action was thereafter brought by Pioneer Company on the replevin bond against the principal and surety, seeking damages for detention and conversion of the car. The defendant plead *nil debit, non-assumpsit,* and not guilty, and also filed a special plea of *res adjudicata.* The trial judge dismissed the action, apparently upon the theory that the Pioneer Company should have prosecuted this branch of the action, that is, sought recovery on the bond, in the original case. The Court of Appeals, opinion by HOWELL, J., reversed and held that damages on the replevin bond could be sued for in this separate action. We granted *certiorari* and argument has been heard.

The judgment which our statute, Code Section 9307, provides that the "justice shall render" against the plaintiff and his sureties on the bond in favor of a successful defendant, reads as follows: "Judgment for defendant against plaintiff and sureties shall embrace what.—If the justice find the issue in favor of the defendant and adjudge the property replevied to belong to the defendant, or the plaintiff dismisses or fails to prosecute his suit, the justice shall render judgment against the plaintiff and his sureties on the replevin bond that the property replevied be returned to the defendant, or on failure to do so, that the defendant recover of plaintiff and sureties on replevin bond the value of the property replevied, with interest thereon and damages for the detention of the same, the value of the property and the damage to be assessed by the justice trying the case. The justice may, in a proper case, give exemplary damages in favor of either party, and in all cases where the plaintiff fails to prosecute his suit with effect, the justice may make such valuation as will be likely to effect the return of the property to the defendant if the character of the property is such as to make the return of the specific property important. (1851-52, Ch. 32, sec. 7; 1905, Ch. 31.)"

As has been seen, no such judgment was rendered, or asked, at the time. This independent action was brought on the bond some months later.

Petitioner in this court insists that the right to maintain a subsequent and independent suit on a replevin bond is limited to those cases in which the original plaintiff in replevin dismisses his suit, or in which the court proves to be without jurisdiction. The theory is that in neither of these cases does the defendant, whose property

has been taken from him in replevin, have opportunity in the original action to proceed on the bond. And another exception appears to be conceded, that is, where, as in *Colby* v. *Yates*, 59 Tenn. (12 Heisk.), 267, upon return of the property it proves to have been damaged while in possession of the plaintiff, of which the successful defendant had no knowledge prior to its return pursuant to the judgment providing therefor.

The rule appears to be well settled, subject to the exceptions above noted, that a subsequent and independent action may not be maintained on a replevin bond where, in the original action, the judgment in favor of the defendant goes no further than to dismiss the action and award costs against the plaintiff, the obligation of the bond being conditioned, as here, to abide by and perform the judgment of the court in the premises.

"When a successful party in replevin has failed to have a judgment entered for the return of the property, he cannot in an action on the bond recover as for a conversion." 23 R. C. L., p. 900. Further quoting this authority, "the liability of the obligator on a replevin bond is measured by the terms of the bond as applied according to the terms of the judgment entered, and not according to the verdict." The opinion in the case cited, *Ihrig* v. *Bussell*, 68 Wash., 70, 122 P., 608, 609, L. R. A., 1917A, 1188, stating that "the authorities seem to be in accord upon the propositions," cites numerous cases so holding, among them *Thomas* v. *Irwin*, 90 Ind., 557; *Vallandingham* v. *Ray*, 128 Ky., 506, 108 S. W., 896; *Vinyard* v. *Barnes*, 124 Ill., 346, 16 N. E., 254; *Chambers* v. *Waters*, 7 Cal., 390; *Clark* v. *Norton*, 6 Minn., 412; *Colorado Springs Co.* v. *Hopkins*, 5 Colo., 206. The opinion quotes the following from 2 Sutherland, Damages, 42: "We are unable to perceive how a failure to

return the property can constitute a breach in a case where there has been no judgment for a return. The undertaking is not a general one for the return of the property, but is an undertaking for the return in case it shall be so adjudged, and the contract of the surety is, therefore, restricted and limited by the terms of the instrument. The liability of the surety depends upon the judgment, for, unless a judgment is entered awarding a return, the case is not within the contract. To bring the case within the terms of the contract, it must be made to appear that the court had awarded a return. To hold the surety liable for a failure to return where no return had been adjudged would be to hold him in a case not within the spirit or letter of his undertaking.''

A leading case, directly in point, is *Rosen* v. *United States Rubber Co.*, 268 Mass., 403, 167 N. E., 655, 65 A. L. R., 1299, opinion by Rugg, C. J. There were two like actions disposed of by the opinion ''each against the principal and surety on a replevin bond.'' The headnote, in the language of the opinion, reads: ''A simple final judgment for defendant in replevin, without more, carries in law no implication for the return of the property or the payment of damages.''

Again, says the court, ''If the defendant in replevin was entitled to return of the merchandise, the time, place and forum for adjudication to that effect was at the trial of the action in replevin. *Ashcroft* v. *Simmons*, 163 Mass., 437, 40 N. E., 171; *Barry* v. *O'Brien*, 103 Mass., 520. The same is true as to damages other than damages incidental to failure to comply with an order for the return of the property. *Tucker* v. *Tremont Trust Co.*, 242 Mass., 25, 136 N. E., 62, 24 A. L. R., 1185, and cases there reviewed.'' Elsewhere in the opinion the learned jurist says that the implication from the absence

from the judgment of any order for the return of the property or payment of damages is that none was intended. The A. L. R. Annotation which follows this case cites numerous holdings from other jurisdictions, all to the same effect. The text and notes in 54 C. J., pp. 637-639 and 641, are to the same effect, that a judgment in the replevin case for return of the property and for damages is essential to fix liability as a predicate for any recovery on the bond.

As before recognized, and as conceded for the petitioner here, this rule does not apply to cases in which (1) the replevin action is dismissed by the plaintiff who has obtained possession of the property under the bond; or (2) where the action fails for lack of jurisdiction of the Court. Some authorities rest application of both these exceptions on the failure to successfully prosecute, which is a condition in many bonds, but while this language is not in the bond before us, we think this obligation may reasonably be implied and it must be so held in the interest of justice, since otherwise the defendant would be without remedy, a result not to be assumed to have been in the contemplation of the parties. Furthermore, a reason assigned by the courts for denying the right to maintain a subsequent and independent action for return or damages is that the party has had his day in court, that, as said by Chief Justice RUGG, supra, "the time, place and forum for adjudication to that effect [for return and damages] was at the trial of the action in replevin," this on the principle that requires avoidance of multiplicity of suits—splitting of actions. This reason for the rule is thus expressed in a note in 54 C. J., p. 632: "Reason for rule.—'When a trial is had, it was intended, that all matters growing out of the controversy, should be finally determined in one and the same suit. The

object was to prevent multiplicity of suits, and prevent the practice of trying one-half of the cause before one jury, and then resort to another suit, to try the remainder of the cause, before another jury, which would unnecessarily harass parties, and produce needless litigation, and accumulate costs. The damages are incident to the action, and spring immediately out of it, and ought to be determined when the action progresses.' *White* v. *Van Houten*, 51 Mo., 577, 580.'' This can have no application, of course, where the plaintiff has dismissed his action, or adopted a forum without jurisdiction. And (3) another exception is where the damage to the property takes place while it is in the possession of the plaintiff and is unknown to the successful defendant when the judgment is rendered in his favor; this being the situation in our case of *Colby* v. *Yates*, 59 Tenn. (12 Heisk.), 267. In that case there had been a judgment in the replevin suit for the restoration or return of the property—a recognized essential of liability on the bond—but none for damages. It was said: ''The gravaman of this action is, not for the detention of the property, but for injuries done to it, while in the possession of the plaintiff, and the proof was directed to show simply the damages sustained by the plaintiff from actual injury to his property, and it was established that its actual market value was depreciated from seventy-five dollars, down to the sum of ten or fifteen dollars. Now this character of question was not conveniently or properly cognizable in the trial of the title; for the property had been in the meantime in the possession of the plaintiff in replevin; and the defendant in such an action is not presumed to have had access to the property, so as to be advised of the injuries done it. These injuries undoubtedly afford a good ground for a separate action.''

In that case there having been a judgment for return of the property, an actionable right arose to its return in substantially as good condition as when taken under the replevin writ.

However, it is to be noted that in the opinion in that case, in accord with the general rule, it is said that, "if the damages demanded by the defendant in such case be for the detention merely, we would be inclined to hold, that if he did not invoke the action of the court upon the trial of the action, to assess his damages, he must be held to have waived his claim for damages. But the decision of that question is unnecessary in this case, and so we do not determine it."

These exceptions to the rule precluding a subsequent independent action are the subject of an annotation in L. R. A., 1917A, p. 1191. They come within the class of cases "where such damages were not in issue in the replevin suit." 54 C. J., 632, citing cases.

The learned Court of Appeals quoted at length from *Leach* v. *Rich*, 138 Tenn., 94, 196 S. W., 138, opinion by Mr. Special Justice SWANEY. It is sufficient to say of that case that it is to be distinguished on its facts in essential particulars from the instant case. It comes within two of the exceptions to the general rule. In the first place, the opinion shows that the original replevin action was determined (after litigation over the debt involved had been tried out in Chancery) by its dismissal by the plaintiff; and (2) it appears that the asserted value of the property involved, which had been taken under the writ, was in excess of the jurisdictional limitation of the justice court as to amount, the court in which the action had been brought. It is true that the opinion contains some expressions justifying the independent action brought in that case to the effect that the remedy

provided for recovery of damages in a replevin action is not exclusive, but "cumulative." However, in view of what has been said as to the facts bringing the case within the exceptions to the general rule above noted, these expressions in the opinion were unnecessary to the conclusion and are in effect but dicta.

The Court of Appeals in this connection refers to and quotes from the opinion of Mr. Justice Cook, in *Frazier* v. *Nashville Gas & Heating Co.*, 164 Tenn., 8, at page 11, 46 S. W. (2d), 62, at page 63, as "intimating approval" of *Leach* v. *Rich, supra*, the following: "The action should have been dismissed with taxation of costs against plaintiff and his surety on the bond, leaving defendant to his remedy on the replevin bond, or to his action on the case to recover the property as indicated in our cases of *Jacobs* v. *Parker, supra*, [66 Tenn. (7 Baxt.), 434]; *Nighbert* v. *Hornsby*, 100 Tenn., 82, 42 S. W., 1060, 66 Am. St. Rep., 736, and *Leach* v. *Rich*, 138 Tenn., 94, 196 S. W., 138."

But, an examination of the Frazier case shows that the replevin action had been dismissed in the Circuit Court for lack of jurisdiction in the Justice Court, because the value of the property was more than $500. And Mr. Justice Cook said: "Since the value of the property replevined was beyond the jurisdiction of the court, no judgment could be rendered on the replevin bond," citing *Jacobs* v. *Parker*, 66 Tenn. (7 Baxt.), 434. Here was a proper case for a subsequent and independent action on the bond, within one of the exceptions to the general rule.

For the reasons indicated, the judgment of the Court of Appeals is reversed and that of the trial court dismissing the action affirmed.