PRUITT *v.* CANTRELL.

(*Nashville*, December Term, 1953.)

Opinion filed February 11, 1954.

ALBERT F. SLOAN, of South Pittsburg, for plaintiff.

S. P. RAULSTON, SAM R. RAULSTON and HOWARD G. SWAFFORD, all of Jasper, for defendant.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This appeal presents an action in replevin commenced in the Court of a Justice of the Peace of Marion County. By the action, J. K. Pruitt replevined a Ford automobile from Mrs. J. M. Cantrell, and made bond in the sum of $2,500, conditioned that he would "abide by and perform the judgment of the Justice in the premises." The Justice gave judgment for the defendant, Mrs. Cantrell, for possession of the automobile, or in the alternative, that if said automobile was not returned, judgment against J. K. Pruitt and the sureties on his replevin bond in the sum of $1,100.

Pruitt appealed to the Circuit Court, and when the case came on to be tried, he undertook to take a voluntary nonsuit. The motion for nonsuit was disallowed, and the case remanded to the Court of the Justice of the Peace for execution of the judgment there.

Pruitt has now perfected this appeal to this Court on the technical record alone. Since it does not appear affirmatively, from the record, that what purports to be a bill of exceptions was signed by the trial judge within the time allowed, *Burkett* v. *Burkett,* 193 Tenn. 165, 245 S. W. (2d) 185, we hold that the trial judge was right in disallowing the nonsuit and remanding the cause, and that the judgment in the Justice of the Peace Court was correct under Code Sec. 9307.

The plaintiff in error insists that the Justice of the Peace had no jurisdiction of the replevin because the value of the automobile was more than $1,000, which was the limit of the jurisdiction of the Justice of the Peace in a replevin suit at the time of this trial. Since as plaintiff, the plaintiff in error filed the replevin in the Court

of the Justice of the Peace, he will not be heard to question the jurisdiction.

From what was said by the Court in the course of the opinion of *Gray* v. *Jones,* 38 Tenn. 542, 543, 545, it is clear that plaintiff in a replevin suit, is bound by the value he places upon the property in the warrant. In the present case, no value is placed on the property in the warrant, and therefore, the presumption is final, that the value placed was within the jurisdiction and the plaintiff is estopped to question that fact.

"For the purpose of fixing jurisdiction of the justice of the peace, the plaintiff was bound by the replevin bonds it executed, and cannot now be heard to question the power of the justice of the peace to entertain the suit and to render any judgment, within the limits of his statutory jurisdiction, which the facts warranted. *Cline* v. *Gaut,* [48 Tenn. 399] supra; *Jacobs* v. *Parker,* 7 Baxt. [66 Tenn.] 434; *Gray* v. *Jones,* 1 Head [38 Tenn.] 542 [543], 545." *Securities Inv. Co.* v. *White,* 19 Tenn. App. 540, 550, 91 S. W. (2d) 581, 587.

The affidavit for the writ in the Court of the Justice of the Peace was not signed by the plaintiff, but the plaintiff and his sureties are estopped to rely on such a deficiency after the property has been taken out of the possession of the defendant and placed in the hands of the plaintiff. *Hargraves* v. *Hamilton Nat. Bank,* 27 Tenn. App. 655, 660, 184 S. W. (2d) 397, and cases there cited.

The Justice of the Peace had jurisdiction to render judgment for the value of the property up to $1,000, and in addition, *Godsey* v. *Weatherford,* 86 Tenn. 670, 8 S. W. 385, a judgment for interest and damages in an equal amount. Code Sec. 9307.

 .The Justice gave judgment for $1,100, and if that be ambiguous, it is our duty to indulge every presumption in favor of the judgment's validity, and also to construe it to have been within the jurisdiction, *Grant* v. *Davis*, 8 Tenn. Civ. App. 315, 319. Accordingly, we construe the judgment to have been for $1,000 for the value of the car replevined, and for $100 for interest and damages.

The assignments of error are overruled and the judgment is affirmed at the cost of the plaintiff in error.