Casey, etc., Mfg. Co. *v.* Weatherly.

CASEY, ETC., MFG. CO. *v.* WEATHERLY.

(*Knoxville.* September 26, 1896.)

1. CHANCERY COURT. *Jurisdiction to enforce furnisher's lien on steamboat.*

Chancery Court has jurisdiction to enforce a furnisher's lien on a steamboat. The jurisdiction of the Circuit Court over this subject, originally exclusive, is made concurrent by Acts 1875, Ch. 97, extending the jurisdiction of the Chancery Courts. (*Post, pp. 299, 300.*)

Act construed: Acts 1875, Ch. 97.

Code construed: §§ 3457, 5319, 6109 (S.); §§ 2751, 4299, 5043 (M. & V.); §§ 1991, 3556 (T. & S.).

2. ATTACHMENT. *Judgment on replevin bond.*

A judgment cannot be rendered, upon reversal by this Court, on a replevin bond executed by defendant in a proceeding to enforce by attachment an alleged furnisher's lien on a steamboat, to enable him to retain possession, where a judgment was rendered below for the debt, but the bill was erroneously dismissed, on demurrer, as to the lien, on the ground that the Court had no jurisdiction. The cause will, in such case, be remanded for further adjudication as to the lien. (*Post, pp. 300, 301.*)

Code construed: §§ 5318, 5322 (S.); §§ 4298, 4302 (M. & V.); §§ 3555, 3559 (T. & S.).

---

FROM HAMILTON.

---

Appeal from Chancery Court of Hamilton County. T. M. McCONNELL, Ch.

PRITCHARD & SIZER for Manufacturing Co.

CHAMBLISS & CHAMBLISS for Weatherly.

CALDWELL, J. The bill in this cause was filed in the Chancery Court of Hamilton County, to collect an alleged indebtedness of $1,009.78, for machinery furnished in the construction of a steamboat, and to enforce, by attachment, an alleged lien therefor upon the boat. After the attachment was levied, the defendants executed a replevy bond, and, by virtue thereof, were allowed to retain the possession of the boat.

Being of opinion that the Chancery Court had no jurisdiction to enforce a lien upon a steamboat, the Chancellor, upon demurrer, dismissed so much of the bill as related to that subject and sought that relief. The bill was retained as to the debt, however, and, on final hearing, a decree was pronounced in favor of the complainant for $688.84. Thereupon the complainant entered a motion for a judgment upon the replevy bond. This relief was refused. Thereafter the complainant, by special prayer, appealed from the ruling that its lien could not be enforced in the Chancery Court, and also from the ruling that it was not entitled to a judgment on the replevy bond.

The Court of Chancery Appeals reversed the Chancellor on both propositions, and the defendants have appealed, and, by assignment of errors, raised the same questions in this Court.

1. Has a Court of Chancery jurisdiction to enforce such a lien as that asserted in this cause?

The furnisher's lien upon a steamboat is a creature of statute, having been created by Sec. 1, Ch. 35, Acts 1833 (Car. & Nich., 454), which was carried into the Code of 1858 at § 1991, and now appears as § 2751 of the compilation by Milliken and Vertrees.

The second section of the original statute provides, among other things, that the proceeding to enforce the lien shall be instituted in the county where the boat shall then be, and that the attachment writ, or "warrant, shall be returned to the County or Circuit Court of said county for trial by jury," if the amount involved exceeds $50. Car. & Nich., 454. This latter provision was modified and carried into the Code at § 3556, in these words: "If the amount of the debt exceed $50, the Sheriff shall return the warrant and the bond, if one be given, into the Circuit Court of the county for trial before a jury." Code (M. & V.), § 4299.

It will be observed that jurisdiction was in both the County Court and the Circuit Court, under the original Act, and that it is in the Circuit Court only under the Code provision. Nothing else appearing, the Chancery Court would, undoubtedly, be without jurisdiction, as held by the Chancellor. But the subsequent Act, enlarging the jurisdiction of the Chancery Court, gave it jurisdiction to enforce such liens as that asserted by complainant, as held by the Court of Chancery Appeals.

That Act provides "that jurisdiction of all civil causes of action now triable in the Circuit Court, except for injuries to person, property, or character, involving unliquidated damages, are hereby conferred upon the Chancery Court, which shall have and exercise concurrent jurisdiction along with the Circuit Court." And, "that from and after the passage of this Act no demurrer for want of jurisdiction of the cause of action shall be sustained in the Chancery Court, except in cases of unliquidated damages for injuries to person, property, or character." Acts 1877, Ch. 97, Secs. 1, 2; Code (M. & V.), § 5043. These provisions clearly include complainant's whole case—his lien as well as his debt secured by that lien.

A furnisher's lien upon a steamboat is a civil cause of action triable in the Circuit Court, and one not involving unliquidated damages for injuries to person, property, or character. Without this Act the Chancellor would have had no jurisdiction to consider and adjudge complainant's debt; with it he had ample jurisdiction to consider and adjudge both the lien and the debt.

The decree of the Court of Chancery Appeals in respect of this matter is affirmed, and the cause will be remanded for further proceedings upon that part of the bill asserting and seeking to enforce a lien upon the boat.

2. Is the complainant entitled to a judgment on the replevy bond?

Casey, etc., Mfg. Co. *v.* Weatherly.

Clearly not, at the present stage of the proceeding. No lien has yet been declared. The bond stands as an indemnity in the room and stead of the boat (Acts 1833, Ch. 35, Sec. 3; Car. & Nich., 454; Code, § 3555; Code (M. & V.), 4298), and, consequently, is not subject to judgment unless and until the Court adjudge a liability against the defendant, and also declare a lien on the boat.

Both the debt and the lien must be adjudged before the bond can be enforced. Such is the obvious meaning of the law (Acts 1833, Ch. 35, Sec. 6; Car. & Nich., 455; Code, § 3559; Code (M. & V.), § 4302, and generally, Code (M. & V.), § 4255), giving the right of judgment upon the bond. Only the debt has been adjudged in the present cause; the question of lien is yet to be adjudged.

Hence, the judgment rendered by the Court of Chancery Appeals upon the bond is premature; and, being so, it is set aside. The cost of the last appeal will be equally divided between the complainant and the defendants, and the other costs accrued will be paid as adjudged by the Court of Chancery Appeals.