## BOB SMITH v. E. R. WINKLER, et al.

Middle Section.   June 16, 1928.

No petition for Certiorari was filed.

A. R. Hall, of Jasper, for plaintiff in error.
S. P. Raulston, of Jasper, for defendants in error.

FAW, P. J. The decision of the question arising on this appeal turns on the distinction between a ''replevin'' bond and a ''replevy'' bond under Tennessee practice.   A brief history of the case will be first stated, in order that the manner in which the question arises may be seen.

Bob Smith sued E. R. Winkler and wife, before a Justice of the Peace of Marion county, for $250 as damages on account of injuries to his (Smith's) automobile resulting from alleged negligence of the defendants in driving their automobile in and against the automobile of Smith.   The action was commenced by the issuance of a summons which was personally served on the defendants.   At the time Smith

thus commenced his action, he sued out an ancillary attachment which was levied by a deputy sheriff upon the Studebaker car (then in the possession of defendants) with which, it was claimed, the defendants had inflicted the alleged injury upon Smith's car, and the levying officer took possession of the attached car and held same until it was subsequently taken out of his possession in the manner hereinafter stated.

The Justice of the Peace, after trial, gave judgment for Smith and against defendant E. R. Winkler for $160 and costs, and also sustained the attachment on the aforesaid Studebaker car and declared a lien thereon for the amount of the judgment, under Section 3079a-197, Shannon's Revised Code, and ordered a sale of the car to satisfy said lien debt.

The aforesaid judgment of the Justice of the Peace was rendered on February 26, 1927, and on that day the Broadway Motor Company, Inc., of Nashville, Tennessee, instituted an action of replevin before a Justice of the Peace of Marion county against the deputy sheriff who had levied the attachment on said Studebaker car and by the execution of the replevin writ in that case the said Studebaker car attached in the present case was taken out of the possession of the levying officer and placed in the possession of the Broadway Motor Company, Inc., or its agent.

It appears that the replevin suit of the Broadway Motor Company, Inc., was instituted after the judgment of the Justice of the Peace in the instant case was rendered, but whether it was before or after said judgment is immaterial for the purposes of this case, as it was on the same day and, of course, before the order of sale could be executed.

In the replevin suit, Bob Smith, "the real defendant," was substituted for the deputy sheriff against whom the writ was directed, and the Justice of the Peace tried the case and gave judgment for defendant. He adjudged that the Broadway Motor Company, Inc., was not entitled to the possession of the Studebaker car in question, and gave judgment in favor of Bob Smith on the replevin bond executed by the Broadway Motor Company, Inc., and its surety, upon the institution of the replevin suit. It appears that the Broadway Motor Company, Inc., prayed an appeal from the judgment of the Justice of the Peace, which was granted upon condition that the appellant execute proper appeal bond as required by law, but the record does not show whether the bond was given, or, if given, whether the replevin suit has been tried in the circuit court.

Defendant Winkler appealed from the judgment of the Justice of the Peace to the circuit court of Marion county, where the case was tried before the court, without a jury, and the court found the issues in the damage suit in favor of the plaintiff and rendered judgment against defendant E. R. Winkler for $160 and the costs of suit. The

judgment entry further recites that "the attachment issued attaching the car is in all things sustained," but the court denied a motion on behalf of plaintiff Smith which was made "before the rendition of judgment by the court," as follows:

"In this cause, the plaintiff by his attorney, moves the court for a judgment on the replevy bond of Broadway Motor Company and S. P. Raulston, filed in this cause under and by which the property attached (being a Studebaker car, engine No. 1320939) was taken out of the custody of the officer attaching the same in this cause because said bond is made in double the claim of the plaintiff and to abide by and perform the judgment of the court in the premises, and because the same is therefore a replevy bond and takes the place of the property attached and upon which plaintiff is entitled to a judgment when he shows his right to recover as he has in this cause."

As stated, the above quoted motion was denied and overruled— "the court being of opinion that the bond in question is not a replevin bond."

The plaintiff moved for a new trial upon the questions presented by the aforesaid motion, but his motion for a new trial was overruled, and he thereupon prayed, obtained and perfected an appeal to this court and has assigned errors here.

The "appeal" in this case must be construed to mean an appeal in the nature of a writ of error, as a simple appeal does not lie from a judgment at law. Spalding v. Kincaid, 1 Shan. Cas., 31; Manley v. Chattanooga, 1 Tenn. App. Rep., 65.

The assignments of error, which are the same as the grounds of the motion for a new trial below, are as follows:

1. "The court erred in failing to allow the motion filed by plaintiff, asking a judgment against Broadway Motor Co., Inc., and S. P. Raulston, security on the replevy bond, filed in this cause, in addition to the judgment against E. R. Winkler, for the sum of $160 damages and costs and sustaining the attachment issued in this cause."

2. "The court erred in holding that the bond filed to replevy the property was not a replevy bond as defined under section No. 5269 of Shannon's Revised Code and failing to render judgment thereon, after giving judgment in favor of the plaintiff for the sum of $160 against E. R. Winkler and sustaining the attachment."

Section 5269, Shannon's Code, mentioned in the assignments of error, supra, is in these words:

"The defendant to an attachment suit may always replevy the property attached by giving bond, with good security, payable to the plaintiff, in double the amount of the plaintiff's

demand, or, at defendant's option, in double the value of the property attached, conditioned to pay the debt, interest, and costs, or the value of the property attached, with interest, as the case may be, in the event he shall be cast in the suit.''

There was no ''replevy'' bond given in this case, within the contemplation of the above-quoted Code section. While the plaintiff was on the witness stand, he undertook (and was permitted without objection) to introduce in evidence the replevin bond which the Broadway Motor Company, Inc., had made when it instituted its replevin suit against the deputy sheriff who was holding the Studebaker car under the attachment. It was in the manner just stated, and in that way only, that the bond was ''filed in this cause.''

The bond involved in the case of Upton v. Philips & Howe, 11 Heisk., 215, cited in plaintiff's brief, although described in the opinion as a ''replevin'' bond, was, as the opinion shows, a replevy bond which the defendant in the attachment proceedings undertook to execute pursuant to sec. 3509 of the Code (Shannon, 5269, supra), and not, as in this case, a bond executed by the plaintiff in an independent replevin suit brought by a stranger to the attachment suit.

It is said on behalf of plaintiff that the fact that the bond in question is ''a bond in exactly double the amount of the judgment obtained and conditioned to abide by and perform the judgment of the court'' shows that it was intended as a ''replevy'' bond (meaning, as we understand the brief, that it fell within the provisions of sec. 5269, Shan. Code, supra). There are several sufficient answers to this proposition, and among them, the following:

(a) The statute (Shan. Code, 5131) provides that the plaintiff in a replevin suit shall, at the time he demands the writ, ''give bond in double the value of the property, payable to the defendant, and conditioned to be void if the plaintiff abide by and perform the judgment of the court in the premises.'' The bond in question is conditioned as required by the Code section last quoted, and the proof shows that it was given at the institution of a replevin suit brought by the Broadway Motor Company, Inc. For aught that appears, the fact that the penalty of the bond is exactly double the amount of the judgment rendered in the instant case is not controlling, and may be a mere coincidence, as there is no evidence in this record of the value of the Studebaker car replevined, and we cannot say that the Justice of the Peace who issued the replevin writ did not fix the penalty of the bond at what he conceived to be ''double the value of the property'' replevined. If the bond was insufficient, the remedy was by proper proceedings in the replevin suit, and not in this case.

(b) A ''replevy'' bond under sec. 5269, Shan. Code, cannot be given by anyone except ''the defendant to an attachment suit,'' and

judgment upon such a bond cannot be entered against anyone except "the defendant and his sureties" (sec. 5274, Shan. Code).

E. R. Winkler and his wife were the only defendants to the present "attachment suit," and the Broadway Motor Company, Inc., was not only not a "defendant" to the attachment suit but was not a party.

The circuit court did not err in denying plaintiff's motion for judgment against the Broadway Motor Company, Inc., and its surety on said bond. The assignments of error are overruled and the judgment of the circuit court will be affirmed. The costs of the appeal will be adjudged against the plaintiff Bob Smith and the surety on his recognizance entered of record below to secure the same.

Crownover and DeWitt, JJ., concur.