SADLER v. MURPHY.—77 S. W. (2d) 70.

Middle Section.    August 30, 1934.

Petition for Certiorari denied by Supreme Court, December 14, 1934.

Robert L. Sadler, of Nashville, for plaintiff in error.
Henry C. Foutch, of Nashville, for defendant in error.

FAW, P. J.  This case is before us on the technical record.  The transcript contains no bill of exceptions.

The defendant in error, Robert Murphy, a minor suing by his next friend, Mrs. Estelle Murphy (hereinafter called plaintiff), sued the plaintiff in error, Mrs. Fleta M. Sadler (hereinafter called defendant), before a justice of the peace of Davidson county for "injuries received by virtue of accident due to the negligent operation of automobile by defendant in violation of city ordinance and laws of the State of Tennessee in an amount under $500."

The warrant issued by the justice of the peace was dated July 26, 1933, and was executed on the same day by service on the defendant, and the case was set for trial on July 28, 1933, at one o'clock P. M. On July 27, 1933, plaintiff procured the issuance of an attachment by the same justice of the peace who had issued the warrant and before whom the case was set for trial as aforesaid.  The affidavit upon which the attachment was procured (omitting the caption and the signature and jurat) was as follows:

"Before me, J. T. Kelly, a Justice of the Peace in and for said County and State, this day personally appeared Robert Murphy, by next friend, Mrs. Estelle Murphy and made oath that Mrs. Fleta M. Sadler indebted to Robert Murphy in the sum of under five hundred ($500) dollars due by operation of automobile, and that the claim is just, and that the said Mrs. Fleta M. Sadler did negligently run over said Robert Murphy in violation of City Ordinances and the laws of the State of Tennessee.  The said Mrs. Sadler driving a Dodge Sedan—License Number 28—325, Model 1926, Motor Number A-289076, in excess of 20 miles per hour and the plaintiff claims a lien as provided by law.

"He therefore prays attachment against the automobile of the said Mrs. Fleta M. Sadler.

"(This suit has been commenced by summons of plaintiff against defendant upon a warrant before J. T. Kelly, a Justice of the Peace, the amount of claim laid in said writing being under $500, and that said claim is just.)"

The attachment was executed on the day it was issued, but on the same day (July 27, 1933) the defendant executed a replevy bond,

with two sureties, and the attached automobile was restored to her possession.

On July 28, 1933, the justice of the peace gave judgment for the plaintiff and against the defendant for $65 and costs of suit and awarded execution therefor. The justice of the peace also adjudged that the attachment be sustained.

The defendant appealed to the circuit court of Davidson county, and the case was transferred to the Third circuit court, where a motion of defendant to quash the attachment was overruled by the court and the case was then tried to a jury.

The verdict of the jury was as follows:

"The jury on their oaths do say they find the issues joined in favor of the plaintiff and assess his damages in the sum of $40, and sustains the writ of attachment heretofore issued by the Justice of the Peace for one Dodge Sedan, Model 1926, License No. 28—325, Motor No. A289076."

The court thereupon ordered and adjudged that the plaintiff recover of the defendant the sum of $40 and the cost of the cause, for which execution was awarded.

The court further ordered and adjudged:

"That the attachment heretofore issued by the Justice of the Peace for 1 Dodge Sedan, Model 1926, License No. 28—325, Motor No. A-289076 be, and the same is hereby sustained and said car will be sold by the Sheriff according to law, the proceeds of said sale to be applied to above costs and judgment, and if the above judgment is not paid within 30 days from this date the plaintiff will have and recover of the defendant, and G. B. Cantrell, surety on delivery bond, the above judgment of $40, and the costs of this cause, for which let execution issue."

After her motion for a new trial was overruled, defendant prayed and was granted an appeal in the nature of a writ of error to this court, and perfected her appeal by filing the oath prescribed for poor persons.

The first assignment of error of defendant in this court is "that the Trial Court erred in overruling the motion to quash the attachment;" and her second assignment is "that the Trial Court erred in overruling or denying the plea in bar."

The motion in the circuit court to quash the attachment states that it is made "upon grounds set out in written petition on file and with the papers."

We find no paper styled "petition" in the transcript, but we infer that the movant intended to refer to a "motion to quash the attachment," which appears to have been filed in the court of the justice of the peace on July 28, 1933, and overruled on the same day, which motion was as follows:

"Defendant moves to quash the writ of attachment issued and levied in this cause upon the following grounds:

"1. The plaintiff brought suit against the defendant, in this court on July 26, 1933, the officer served the warrant upon defendant, and set the case for July 28, 1933, at 1:2 P. M. This warrant called upon the defendant to answer the complaint of the plaintiff in a civil suit for damages under five hundred dollars.

"And on July 27, 1933, after suit had been commenced, process served, and the case set, the plaintiff sued out his original attachment against the automobile of the defendant to enforce an alleged lien as provided for in section 3079a197 of Shannon's Code, and section 2700 of the Code of Tennessee.

"2. This automobile lien statute is one of many provisions of the Code to enforce or make security for the claim sued on and it can only be enforced by attachment sued out at the time of the institution of the suit, and not afterwards.

"3. Where a plaintiff elects to sue without an attachment the right to have an attachment is lost or waived."

We also assume that the "plea in bar," to which the second assignment of error refers, was a plea filed in the circuit court (in addition to the general issue of not guilty) as follows:

"And for plea in bar to the attachment heretofore sued out in this cause she says:

"At the trial in the court of J. T. Kelly, Justice of the Peace, for Davidson County, Tennessee, the plaintiff after having sued out his attachment elected to take a money judgment calling for execution; and by so doing waived all rights he may have had by virtue of the said attachment; and

"It is, therefore, prayed, that the said attachment be held inoperative and of no effect."

It appears from defendant's brief, as we understand it, that the main proposition upon which defendant relies in support of her first and second assignments of error, supra, is that the lien claimed by the plaintiff in this case cannot be enforced by an ancillary attachment, but can be enforced only by an original attachment.

The lien in question had its origin in chapter 173 of the Acts of 1905, and was carried into the Code of 1932 as section 2700; but said section was superseded by section 2 of chapter 82 of the Public Acts of 1931, which is carried into Williams' Annotated Code as section 2682. Said section, so far as pertinent here, is as follows:

"Whenever any suit for damages is brought in any court of competent jurisdiction for injuries to person or property caused by the running of any motor vehicle in excess of 20 miles per hour, there shall be a lien upon such motor vehicle for the satisfaction of such recovery, as the court may award, whether, at the time of the injury, such motor vehicle was driven by the owner thereof, or by his chauf-

feur, agent, employee, servant, or any other person using same by loan or hire."

It is contended for defendant that, inasmuch as the above-quoted statute provides no specific method for the enforcement of the lien thereby created, it falls within the provisions of section 8042 of the Code, which provides that: "Any and all liens given by statute on personal property, except attorney's lien, where no method of enforcing the same is specifically prescribed by statute law, may be enforced by original attachment issued by any justice of the peace or court having jurisdiction of the amount claimed to be due (without necessity of fiat), on affidavit that the debt is due and unpaid, to be levied on the property upon which the lien exists, be it either in the hands of the creditor, owner, or other party not an innocent purchaser."

We cannot agree to the contention thus made. "An attachment is not necessary to create the lien. This is given by the statute. The office of an attachment is merely to seize the property and place it in the custody of the law." Keller v. Federal Bob Brannon Truck Co., 151 Tenn., 427, 441, 269 S. W., 914, 918; Rent-A-Car Co. v. Belford, 163 Tenn., 590, 595, 45 S. W. (2d), 49.

As the defendant in the instant case was within the jurisdiction of the court, it was proper to obtain jurisdiction of her person by service of summons, and then bring the offending automobile within "the custody of the law" by an ancillary attachment, in order to prevent its removal beyond the jurisdiction of the court or its sale to an innocent purchaser.

The doctrine of election of remedies (Grizzard v. Fite, 137 Tenn., 103, 191 S. W., 969, L. R. A., 1917D, 652) invoked by defendant has no application to this case, as there is no inconsistency between the suit against defendant for the personal judgment and the attachment to protect the lien on the automobile.

Neither does the case of Dickinson v. Redmond & Jones, 3 Shan. Cas., 620, support defendant's contention. That case turned on the rule there cited, that: "An ancillary attachment is void, if it is not stated in the affidavit and writ of attachment that a suit has been commenced, with such description thereof as shows definitely the suit to which the attachment is ancillary."

The essential statement indicated by the above quotation was lacking in the affidavit and attachment writ in the case of Dickinson v. Redmond & Jones, supra, but in the instant case the affidavit and the attachment writ each contains the statement that "this suit has been commenced by summons of plaintiff against defendant upon a warrant before J. T. Kelly, a Justice of the Peace, the amount of claim laid in said writing being under $500, and that said claim is just."

The fact that the justice of the peace did not order the attached property sold did not operate as an abandonment of the at-

tachment, as argued for defendant. The justice of the peace, in addition to rendering a personal judgment against the defendant, adjudged that the "attachment be sustained." This judgment, although inartificial in form, certainly did not indicate a purpose to ignore the attachment, and defendant's appeal prevented any effort on the part of the plaintiff to enforce the judgment of the justice of the peace. The case was tried de novo in the circuit court, and that court sustained the attachment and ordered its enforcement.

The cases of Snell v. Allen, 1 Swan, 208; Hurst v. Liford, 11 Heisk., 622; Hagerty v. Hughes, 4 Baxt., 222; and Mullendore v. Hall, 2 Tenn. Ch. App., 273, cited for defendant in support of her contention that the attachment was abandoned, are not in point in the instant case.

Certainly the rendition of a personal judgment against defendant was not a waiver of the attachment. Such judgment was an essential prerequisite to the enforcement of the attachment, and it was necessary to adjudge both the liability of the defendant to a judgment for damages and the existence of the lien before the replevy bond could be enforced. Casey, etc., Mfg Co. v. Weatherly, 97 Tenn., 297, 301, 37 S. W., 6.

Defendant's third assignment of error is that: "The Trial Court erred in taking a money judgment against the surety on the replevy bond without ordering and finding the value of the automobile and ordering it to be delivered or its value paid into Court."

The replevy bond executed by defendant and her sureties, in order to regain possession of the attached automobile, is in words and figures as follows:

"Robert Murphy, by Next Friend, vs. Mrs. Fleeta M. Sadler, In the Court of J. T. Kelly, J. P., Davidson County, Tenn. We, the undersigned, principal and sureties, are held and firmly bound to L. A. Bauman, Sheriff, and C. T. Galbreath, Deputy Sheriff, in the penal sum of $200 (Code, sections 5270, 5271, Shan. Ed.). The condition of this obligation is as follows:

"Whereas, there is now pending in this court, a certain cause styled, Robert Murphy by next friend, Mrs. Estell Murphy against Mrs. Fleeta M. Sadler, wherein the said plaintiff sued out an original attachment for damages in a sum under five hundred dollars, against the estate of the said Mrs. Fleeta M. Sadler, and which attachment has been levied upon one 1928 Model Dodge Sedan automobile, license Number 28—325, Motor Number A289076, the property of the said defendant, Mrs. Fleeta M. Sadler, and the said property has been returned to her upon the execution of this bond, and

"Now, if the said Mrs. Fleeta M. Sadler, should be cast in said suit, and shall pay the value of the said automobile on which said attachment has been levied, with interest on the value from the date of this bond, or shall return the said automobile to the Sheriff to be

sold by him for the satisfaction of any judgment that may be rendered against the said Mrs. Fleeta M. Sadler, this obligation shall be void but otherwise to remain in full force and effect. This July 27th, 1933.

> "Mrs. Fleeta L. Sadler, Principal
> "By: Robert L. Sadler, Her Attorney
> "Robert L. Sadler, Surety
> "G. B. Cantrell, Surety."

It is obvious that the above-quoted bond was taken under the authority of sections 9460-9466 of the Code of 1932 (Shan. Code, sections 5269-5275), which sections comprise the article on the subject of "Replevy of property attached."

Section 9460 reads as follows:

"The defendant in an attachment suit may replevy the real or personal property attached by giving bond, with good security, payable to the plaintiff, in double the amount of the plaintiff's demand, or, at defendant's option, in double the value of the property attached, conditioned to pay the debt, interest, and costs, or the value of the property attached, with interest, as the case may be, in the event he shall be cast in the suit."

Such bonds are, by section 9463, expressly made subject to the rules prescribed by sections 1836, 1837 of the Code of 1932; and the makers are estopped to deny the validity of the bonds, although they may not accurately conform in their conditions to the provisions of section 9460, supra. Upton v. Philips & Howe, 11 Heisk., 215, 225; Stephens v. Greene County Iron Co., 11 Heisk., 71, 79.

We have no means of knowing whether there was any proof of the value of the automobile introduced at the trial below; but it is evident that the penalty of the bond was not "in double the amount of the plaintiff's demand," so that it will be assumed that the defendant elected to give bond "in double the value of the property attached," and that the officer taking the bond fixed the value of the attached automobile (as he was authorized to do by Code, section 9461) at $100.

It is provided by section 9465 that: "The court or justice may enter up judgment or decree upon the bond, in the event of recovery by the plaintiff, against the defendant and his sureties, for the penalty of the bond, to be satisfied by delivery of the property, or its value, or payment of the recovery, as the case may be."

And it is provided by section 9487 of the Code (in the article on "mode of procedure in attachment cases") that: "If the property attached has been replevied by the defendant, the justice or court, upon recovery by the plaintiff, is authorized to render judgment against the defendant and his sureties in the replevy bond, for the penalty of such bond, but to be satisfied by the payment of the value of the property, with interest from the date of the bond, or by the

payment of the plaintiff's demand as ascertained, with interest and costs, or by the forthcoming of the property, as the case may be.''

The judgment in the instant case, although awkwardly expressed, was manifestly intended as a judgment in the alternative; that is to say, first, for the redelivery of the automobile to the levying officer; and, in the event of its nondelivery or nonpayment of the judgment in thirty days, judgment against the principal and sureties on the replevy bond for the amount of the verdict of $40 and the costs of the cause.

If, in strictness, the proper judgment on the replevy bond should have been for the value of the automobile, to be satisfied by the delivery of the automobile or the payment of its value, the judgment rendered was for an amount less than the penalty of the bond, and the defendant and her surety on the bond could not complain on this ground. Kuhn v. Spellacy, 3 Lea, 278, 280, 281; Ward v. Kent, 6 Lea, 128, 131, 132.

Defendant's third assignment of error is overruled.

The fourth assignment is for ''error of the court in taking a money judgment calling for execution and then subsequently sustaining the attachment.''

The proposition advanced by this latter assignment has been disposed of adversely to the contention of the defendant in the discussion of the previous assignments of error, and it is overruled.

This disposes of all the assignments of error. They are all overruled, and a judgment will accordingly be entered here affirming the judgment of the circuit court and remanding the cause to that court for the execution of the judgment.

The costs of the cause, including the costs of the appeal, will be adjudged against the defendant Mrs. Fleta M. Sadler and her surety G. B. Cantrell.

Crownover and DeWitt, JJ., concur.