# JENKINS v. FRANKS.—215 S. W. (2d) 694.

Eastern Section.   November 24, 1947.

Rehearing denied March 9, 1948.

Petition for Certiorari denied by Supreme Court, July 17, 1948.

Goddard & Gamble, of Maryville, for plaintiff in error.

R. L. Meares, of Maryville, for defendant in error.

HALE, J.   This is an action of replevin.   The plaintiff below, J. C. Franks, a minor, suing by his father J. T. Franks, as next friend, instituted this suit in the Circuit Court against A. C. Jenkins, doing business as Jenkins Motor Co., to recover possession of a 1941 model, two-door Chevrolet sedan which the plaintiff had previously purchased from the defendant Jenkins, who had repossessed it by a void proceeding before a justice of the peace.   The plaintiff below was awarded possession of the property and the defendant has appealed.   We shall continue to speak of the parties as they appeared in the trial court.

On August 29th, 1946, plaintiff J. C. Franks, nineteen years of age, purchased from defendant Jenkins the automobile involved in this litigation.   As a part of the consideration, Franks turned over to Jenkins a 1937 model Chevrolet.   The record leaves us in doubt as to the amount to be paid for the car in question or the amount to be allowed for the 1937 model traded in by the plaintiff. There are indications that this course was adopted in order to avoid the regulations of the Office of Price Administration, fixing ceiling prices on automobiles.   We find it unnecessary, however, to decide this question under the record as presented to us.

On the date of this transaction, August 29th, 1946, Jenkins gave J. C. Franks a bill of sale covering this automobile, in which it is recited that for the sum of seven hundred and sixty-four dollars, ''receipt of which is hereby acknowledged'', there is conveyed the automobile in question, and it is covenanted ''that it is free of all incumbrances (except ——)'', etc. At the same time the defendant Jenkins took from Franks and his father a note. There is evidence pro and con as to whether the note was signed in blank and afterward filled in by Jenkins. Again, we find it unnecessary to decide this question. At the trial the defendant produced a note for seven hundred and forty-five dollars, dated August 29th, 1946, purporting to retain title to the automobile in question. He relies upon this note to sustain his claim to the automobile, saying the bill of sale was executed so as to allow the purchaser to obtain Tennessee license tags, the car then bearing an out-of-state license. Again, we make no finding on this question, deeming it immaterial to the issues involved for the reasons hereinafter given.

Nothing was paid by Franks to Jenkins in this transaction; all that Jenkins received was the 1937 model automobile traded in by Franks. Shortly thereafter, Franks sold the automobile in question to Marshall Crisp. The consideration was the exchange of automobiles and the payment of two hundred dollars ''to boot''. Jenkins learned of this and instituted replevin proceedings before a justice of the peace to recover the car from Crisp, who was in possession of it under his trade with Franks. At that time the car was worth in excess of five hundred dollars, the maximum jurisdiction of a justice. Code, Sec. 9304.

Crisp then took the matter up with Franks and their trade was rescinded, Franks returning to Crisp the automobile he had received in their swap. The two hundred dollars was not repaid; just what arrangements, if any, were made are not shown in this record and are not material.

Thereupon, and on the same day or the day following the execution of the replevin warrant issued by the justice of the peace, Franks instituted the instant suit in the Circuit Court. Bond was given, the writ issued, and the property was placed in the possession of the plaintiff. The action was based upon the allegation that the plaintiff owned the property and the defendant had no right therein. Defendant was required to plead specially. Among the defenses so pleaded was that the automobile was covered by a title retention note, and that replevin proceedings were had before a justice of the peace to regain possession thereof so that it could be sold under the provisions of the Conditional Sales Statute. Code, Sec. 7286 et seq. Replications were filed to the effect that plaintiff was a minor; that the note in question was not executed by him or by anyone authorized to bind him; that said note was fraudulently altered so as to insert the provision for title retention; that the attempted sale by Jenkins to him was an attempt to evade the provisions of the Office of Price Administration concerning maximum prices of automobiles, which provisions fixed seven hundred and sixty-four dollars as the maximum price for the automobile in question; and that he had a right to recover triple damages. Defendant moved to strike these two last-named replications, his motion being denied. Proof was heard, and the Circuit Judge, sitting without a jury, held the plaintiff to be entitled to the possession of said automobile, basing his

decision upon the regularity of the bill of sale before noted, and finding the note was executed in an attempted evasion of the regulations of the Office of Price Administration. No other relief was granted. Defendant Jenkins has appealed and assigns errors.

This is a "dog-eat-dog" case. Jenkins insists that the note he took was regular and that he has the right to collect the whole thereof, thus, in effect, making Franks receive nothing for the 1937 Chevrolet he traded in on this transaction. Or, to state it differently, Jenkins would receive the maximum O.P.A. price plus the 1937 Chevrolet. On the other hand, Franks insists that he owes nothing, which would be to say that he is to get a 1941 model Chevrolet for his 1937 model car.

■ In making these contentions, however, counsel overlook the fact that the only thing involved in a replevin case is the right to possession of the property involved in the litigation. Young v. Harris-Cortner Co., 152 Tenn. 34, 268 S. W. 1120. Matters of recoupment and off-set are rejected because a judgment thereon would not abate or lessen the right of recovery of the property involved. Blair v. A. Johnson & Sons, 111 Tenn. 111, 76 S. W. 912; Arco Co. v. Garner & Co., 143 Tenn. 262, 227 S. W. 1025; Saranac Machine Co. v. Nants & Co., 164 Tenn. 457, 51 S. W. (2d) 479. See also annotation to 151 A. L. R. 519.

■ At the time of the instituting of the present litigation, the plaintiff was the owner and entitled to the possession of this property, unless it was legally possessed by the defendant Jenkins under the replevin warrant he had taken out before a justice of the peace.

We have pointed out that when the replevin suit was instituted before the justice of the peace the automobile was worth in excess of five hundred dollars. This is

conceded in the brief filed in behalf of Jenkins, and is supported by the record. In view of the fact that this was an amount in excess of the jurisdiction of the justice of the peace, Code Sec. 9304, supra, it was proper that the plaintiff replevin the car by this proceeding in the Circuit Court. Frazier v. Nashville Gas & Heating Co., 164 Tenn. 8, 46 S. W. (2d) 62, and cases cited. See also Securities Inv. Co. v. Pioneer Sales Co., 178 Tenn. 360, at page 369, 160 S. W. (2d) 895, 144 A. L. R. 1144.

Consequently, we hold that Franks was entitled to the possession of this automobile at the time he instituted the replevin action in question, and the judgment below awarding him possession will be affirmed. We hold the question of the validity of the note, or of any other rights of the parties, not to be involved in this case and no attempt is made to decide such questions.

The plaintiff in error and surety on appeal bond will pay cost.

Affirmed on the ground herein set forth.

McAmis and Howard, JJ., concur.

### ON PETITION FOR REHEARING.

HOWARD, J. The plaintiff has filed a petition to rehear, asking the Court to pass upon the validity or invalidity of the Conditional Sales Contract.

This matter is not an issue in this case for the reason that the judgment of the Court would have to be for the plaintiff, regardless of the validity or invalidity of the Conditional Sales Contract. Any remarks the Court might make on this subject would necessarily be dicta.

The Conditional Sales Law of Tennessee, 1932 Code, Section 7286 et seq., contemplates that upon default a

conditional seller may recover possession of the property in one of two ways, to-wit: (a) by consent of the purchaser, or (b) by replevin action in a court of competent jurisdiction. Nashville Auto Sales Company v. Wright, 26 Tenn. App. 326, 171 S. W. (2d) 834.

The seller, defendant herein, did not obtain possession of the property by either of the above methods. He was illegally in possession of the property at the time of the institution of the replevin suit in Circuit Court, not having obtained possession by either of the methods contemplated by law. The validity or invalidity of the Conditional Sales Contract, therefore, was not and is not a defense to this replevin action.

Should the Court find the Conditional Sales Contract invalid, judgment would have to be for the plaintiff. Similarly, should the Court find the Conditional Sales Contract valid, still the judgment would have to be for the plaintiff for the reason that the defendant was not in the legal possession of the property at the time of the institution of this suit.

Petition for rehearing is denied.