## ALLSTADT v. STEPHENSON et al.—218 S. W. (2d) 744.

Eastern Section. Sept. 17, 1948.

Petition for Certiorari denied by Supreme Court, December 17, 1948.

Goddard & Gamble, of Maryville, for petitioner.

Dunn, Meares & Bird, of Maryville, for respondents.

HOWARD, J. This case is before us on a petition for writ of error and *supersedeas* to correct a final judgment of the Circuit Court of Blount County, where a judgment was rendered against petitioner, W. M. Condry, in favor of Malcolm B. Allstadt, respondent herein, for the sum of $572.61 and costs, upon which judgment execution issued and petitioner's bank account in the Bank of Maryville was levied upon. No bill of exceptions was preserved, and all that is before us is the technical record, which discloses the following proceedings in the Circuit Court: On August 14, 1947, respondent as plaintiff filed this suit in the Circuit Court at Maryville against the defendants, Andy Stephenson and J. L. Able, to collect a debt on open account. Upon filing the suit an original attachment was issued by the Clerk of the Circuit Court on grounds that the defendants were about to fraudulently dispose of their property, and a Plymouth automobile owned by J. L. Able was attached by James R. Beeler, Deputy Sheriff.

On August 30, 1947, Able filed an action of replevin before Harry Edmondson, Justice of the Peace for Blount County, against Ben Mays, Sheriff of Blount County, to recover the possession of one Plymouth automobile, Motor No. P 14-58356. Simultaneously a replevin bond

payable to Ben Mays in the sum of $1,200 was executed by Able and petitioner herein signed said bond as surety. The conditions of said bond were as follows:

"The condition of the above obligation is such, That, whereas, the above bound J. L. Able has this day sued out a Writ of Replevin against the said Ben Mays for the following property to wit: One 1942 Plymouth M. No. P 14-58356 which said Writ is returnable before Harry Edmondson, or some other Justice of the Peace in and for the County of Blount, State of Tennessee;

"Now, if the said J. L. Able shall abide by and perform the judgment of the Justice in the premises, this bond to be void; otherwise it is to remain in full force and effect."

Thereafter, the replevin writ was served upon Sheriff Mays and the automobile was taken from him and delivered to Able. The record does not disclose that the case was ever tried in the Magistrate's Court.

On February 10, 1948, respondent made a motion to require Esq. Edmondson to file with the Circuit Court the replevin bond executed by Able and signed by the petitioner as surety, which motion was granted, and upon compliance with the order by Esq. Edmondson the bond in the replevin case was by order of the trial judge made a part of the record in this case.

On February 16, 1948, a judgment by default was entered in the Circuit Court against Able and Stephenson for the sum of $562.21 and costs and in the same order upon respondent's motion a judgment was entered against Able and petitioner upon the replevin bond.

That part of the trial judge's order affecting petitioner provides as follows:

"This cause came on to be further heard on this the 16th day of Feb. 1948 upon the plaintiff's motion for a

judgment upon the bond of the defendants and it appeared to the Court that the 1942 Plymouth, originally attached in this cause was replevied from the Sheriff and that a bond in the amount of $1200.00 was executed by the defendant, J. L. Able, with W. M. Condry as surety and that said bond has been duly filed in this court and is part of this record.

"It is therefore, ordered, adjudged and decreed that the plaintiff have and recover of the defendant, J. L. Able and the surety on his bond in accordance with the judgment heretofore entered the sum of $572.61, plus the cost of this cause unless said defendant or surety delivers unto the plaintiff the 1942 Plymouth, Motor No. P 14-58356, original attachment herein within 10 days for sale under the Statute governing sale of property attached unless said automobile is delivered execution will issue for the amount of this judgment."

On March 8, Able having failed to return the automobile in compliance with the provisions of the trial judge's order, an execution was issued and petitioner's bank account was attached for the amount of the judgment and costs. On March 12, Condry appeared before the trial judge and filed the following motion which the trial judge overruled:

"In this case comes W. M. Condry by attorney and moves the Court to set aside the judgment entered against him in the above styled cause on February 9, 1948 for $572.61 and to stay the execution issued on said judgment and to impound in the hands of the Clerk any money which may have been received by him under said execution and assigns for grounds for said motion the following:

"1. The said W. M. Condry has not been made party to this proceeding in any manner whatsoever.

"2. The replevin writ issued in the case of J. L. Able v. Ben Mays, Sheriff of Blount County, Tennessee on August 30, 1947 by Harry Edmondson, Justice of the Peace, has not legally been made a part of the record in this case.

"3. This judgment and any proceeding based thereon is wholly void as against W. M. Condry for the reason that he has not been made party thereto in any manner whatsoever.

"Wherefore, Defendant moves the Court to set aside and quash as to him, the Judgment and execution in this matter."

Upon the trial judge's refusal to set aside the judgment, Condry filed his petition in this Court for writ of error and *supersedeas*.

The questions for our determination are as follows:

1. Whether a replevin bond which on its face shows was filed in a different proceeding in another Court can by the order of the trial judge be made a part of the record in the present case.

2. Whether a judgment can be legally entered in the Cirucit Court against the surety on said bond without first giving the surety notice of the proceedings.

It will be observed from looking at the bond that it was not made payable to the plaintiff and was not delivered to the officer levying the attachment, nor was the bond delivered to the Clerk of the Circuit Court, where the attachment proceeding originated as provided by Code Sections hereinafter quoted. The bond in question was executed on one of the usual forms kept by Justices of the Peace for replevin suits. On the same piece of paper with the bond there is an affidavit signed by Able before Edmondson, J. P., and there is a summons signed by Edmondson directing the Sheriff or Constable to

serve the process. The style of the case is J. L. Able v. Ben Mays, Sheriff of Blount County and is No. 2521. It shows that the writ was served by Jim Walker, Constable, and that the case was set for trial before Edmondson at 3:00 o'clock September 3, 1947.

While Code Section 1836 cures defects in bonds filed in a judicial proceeding, its provisions are limited, however, to such proceeding, and have no application to bonds filed in a different and separate proceeding. Looking at the bond in question, together with other matters appearing thereon, it is apparent that it was not executed as a replevy bond as contemplated by the following Code Sections:

"9460 5269 (3509). Replevy.—The defendant in an attachment suit may replevy the real or personal property attached by giving bond, with good security, payable to the plaintiff, in double the amount of the plaintiff's demand, or, at defendant's option, in double the value of the property attached, conditioned to pay the debt, interest, and costs, or the value of the property attached, with interest, as the case may be, in the event he shall be cast in the suit."

"9461 5270 (3510). Officer may take bond, when.— The officer levying the attachment shall take the bond, if tendered, at any time before he has made sale of the property or return of the process, in which case he will fix the value of the property, and judge of the sufficiency of the security."

"9462. 5271 (3511). Justice or clerk after return.— After the return of the attachment, and at any time before sale of the property attached, the justice to whom the writ is returned, or the clerk of the court to which return is made, shall take the replevy bond and fix the value of the property, and judge of the sufficiency of the security."

Smith v. Winkler et al., 8 Tenn. App. 207, was a suit where Smith sued Winkler and wife before a Justice of the Peace for damages. An attachment issued and the defendants' automobile was levied upon. After judgment for Smith, the Broadway Motor Company, Inc. filed an action of replevin against the deputy sheriff who had levied the attachment and the automobile was taken out of his possession and turned over to the Broadway Motor Company. Thereafter, Smith undertook to collect his judgment from Broadway Motor Company and its sureties on the replevin bond. The Court, after distinguishing between replevy and replevin bonds, held that a judgment could not be entered on the replevin bond in favor of Smith in the attachment suit.

■ ■ While every reasonable presumption will be indulged in support of the regularity of proceedings in the Trial Court, we are unable to wholly disregard matters that appear in the record of a case which disclose that the proceedings below were irregular, as in the present case where the bond in question with other matters appearing thereon as heretofore pointed out shows that it was not a replevy bond as contemplated by our statutes, but was a replevin bond executed in a separate suit and in another Court.

We are of the opinion that the petitioner was entitled under the circumstances to notice of the proceedings in the Circuit Court, and that the trial judge was in error in rendering a summary judgment against petitioner on the replevin bond.

The petition for writ of error and supersedeas will be sustained and the judgment below will be vacated without prejudice. The costs accruing in this Court will be adjudged against petitioner and his sureties.