PARKS *et al. v.* McGUIRE *et al.*

(*Nashville*, December Term, 1953.)

Opinion filed July 23, 1954.

HUGH C. HOWSER, of Nashville, for plaintiff.

ALFRED T. ADAMS, SR., of Nashville, for surety.

BAILEY, EWING & POWELL, (WM. C. WILSON) of Nashville, for defendants.

Mr. Justice Swepston delivered the opinion of the Court.

This is an appeal in error from the Circuit Court of Davidson County, and the only error assigned is the refusal of the Court to grant the motion of plaintiff below for a judgment against Williams, the surety on the replevy bond of defendant, Tommy McGuire, whose property was attached.

The suit was commenced by original attachment, and thereafter, a declaration in debt was filed. Instead of giving a replevy bond in the cause of the same docket number, defendant filed a replevin suit under another docket number, and gave a bond with surety which shows on its face it was given for the purpose of the pending attachment action.

Defendant in the original suit filed only a plea of nil debet, the cause was tried to a jury and a verdict and judgment rendered on April 16, 1953, against defendant for the debt, but without any order sustaining the attachment, or rendering any judgment against defendant and his surety on the bond. An execution issued on the judgment *for the debt,* but was returned nulla bona.

Defendant's motion for a new trial seasonably filed, was overruled, and an appeal granted to the Court of Appeals, but same was never perfected.

At the next succeeding term on October 13, 1953, plaintiffs filed a motion for a judgment against the surety on the defendant's bond for the amount of the money judg-

ment, which was less than the penalty of the bond. Said motion having been disallowed, plaintiff has appealed directly to this Court.

■ We think the motion came too late because the Trial Court had lost jurisdiction of the cause by the expiration of the May term and the commencement of the October term. In the absence of any steps taken under the authority of statute to arrest or suspend the finality of the judgment the Trial Court loses jurisdiction after the lapse of 30 days or the expiration of the term whichever occurs first. *Standard Oil Co. of New Jersey* v. *Naramore,* 30 Tenn. App. 430, 438, 207 S. W. (2d) 7, an able opinion by Hickerson, J.; *Shipley* v. *Barnett,* 161 Tenn. 437, 32 S. W. (2d) 1022, and cases cited.

It is not necessary to determine whether the bond by which defendant regained possession of the property, was a *replevy* bond or a *replevin* bond, although an examination of the attachment statutes and of the replevin statutes discloses many differences in them. See: *Smith* v. *Winkler,* 8 Tenn. App. 207.

The whole matter was tried at the same time, and the same result must be reached whether it be viewed as one or as two suits.

■ In attachment cases it is absolutely necessary to have the judgments sustain the attachments and, if the property has not been replevied, to have it condemned for sale, specifically describing the same in order to serve as authority for a venditioni exponas, or, if the property has been replevied, to enter judgment against the defendant and his sureties on the bond. *Casey, etc. Mfg. Co.* v. *Weatherly,* 97 Tenn. 297, 301, 37 S. W. 6; *Mullendore* v. *Hall,* 2 Tenn. Ch. App. 273, 281, and cases cited; *Sadler* v. *Murphy,* 18 Tenn. App. 340, 345, 77 S. W. (2d) 70, and cases cited.

■ The plaintiff may elect to rely upon an execution to collect the judgment for debt, but if he so elects by taking judgment only for the debt, he thereby waives his right to enforce the attachment. *Hurst* v. *Liford,* 58 Tenn. 622, 624, and cases cited in *Brantingham* v. *Beasley,* 2 Tenn. App. 598, 603. In the first case cited, it is said that the time to make the election is when the judgment against the person is rendered.

■ In *replevin* actions it is likewise necessary that some judgment be entered, either for the plaintiff as provided by Code Section 9298, for the damages, or for the defendant under Section 9299, that the goods be returned to him, or in lieu thereof, that defendant recover the value.

■ The contract of the surety is to abide by and perform the judgment of the Court, so that if there is no judgment for the return of the property, the surety cannot be held for the breach of the bond. See: *Securities Inv. Co.* v. *Pioneer Sales Co.,* 178 Tenn. 360, 364-365, 160 S. W. (2d) 895, 144 A. L. R. 1144.

■ Since, therefore, there was no judgment rendered, sustaining the attachment and ordering the return of the property before the Court lost jurisdiction, there can now be no other than the judgment for debt which was entered.

Counsel for plaintiffs in error rely on *Nighbert* v. *Hornsby,* 100 Tenn. 82, 42 S. W. 1060, wherein it is held error to enter judgment on a replevin bond at the trial term before plaintiff had an opportunity to return the property, and before the issuance of an execution and return of same unsatisfied.

Counsel overlooks the fact that a *judgment* had been entered in the alternative against the plaintiff for the

return of the property, etc., in accordance with Code Section 9299, and the execution there mentioned would have been for the purpose of enforcing this judgment in replevin. Caruthers' History of a Lawsuit, 7th Ed., Sec. 380.

It is only then that the successful defendant may have final judgment over by motion. But there is no such judgment in the instant case, so that the case cited above has no application. The execution issued in the instant case on the judgment in favor of plaintiffs in error for the debt could not serve as a predicate for the judgment sought by their motion.

Neither is the case of *Casey, etc. Mfg. Co.* v. *Weatherly*, supra, of any aid to appellants. There the plaintiff seasonably made a motion for judgment on the replevy bond, which was erroneously refused, but plaintiff reserved his rights by appealing timely, and reversing the lower Court, so that the case was remanded to the Trial Court for the proper judgment.

That, obviously, is not the instant case.

The assignment of error is, accordingly, overruled and the judgment of the lower Court is affirmed with costs against plaintiffs in error.