**RAGS, INC., Plaintiff,**

and

**National Bond and Surety Corporation, Surety, Appellant,**

v.

**THOROUGHBRED MOTOR CARS, INC., et al., Defendants–Appellees.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Nov. 30, 1988.

Permission to Appeal Denied by Supreme Court April 3, 1989.

Judgment against surety reversed and cause remanded.

Joel H. Moseley, Moseley & Moseley, Nashville, for appellant.

Robert E. Boston, Waller, Landsden, Dortch & Davis, Nashville, for defendants-appellees.

OPINION

CANTRELL, Judge.

This appeal concerns the extent of a surety's liability on a bond posted in conjunction with a writ of possession. The chancellor authorized execution against the surety for all damages awarded against its principal on a counterclaim and third-party complaint for damages filed by the car dealer against whom the writ of possession was issued. The surety appealed.

Plaintiff Rags, Inc. bought a car from defendant-appellee Thoroughbred Motor Cars, Inc. for $58,000. Thoroughbred agreed to give Rags $32,000 in credit for a trade-in car. Before Thoroughbred's acceptance of the trade-in, the president of Rags signed a statement certifying the accuracy of the odometer reading on the trade-in vehicle. On January 23, 1984, Thoroughbred delivered the new car to Rags.

Thoroughbred sold the trade-in car. Soon after, Thoroughbred and the purchaser learned that the car's odometer reading was inaccurate. As a result, the purchaser rescinded his contract to buy the car from Thoroughbred.

On February 23, 1984, Rags brought its new car back to Thoroughbred for some warranty work. Thoroughbred refused to return the car to Rags unless Rags agreed to compensate Thoroughbred for the damages caused by the alleged fraudulent odometer statement.

On March 21, 1984, Rags filed suit against Thoroughbred and two Thoroughbred employees for the return of money paid for undelivered equipment, an injunction, a declaratory judgment, a writ of possession pursuant to Tenn.Code Ann. § 29–30–106(1)(B)(i) (1980) and compensatory and punitive damages. (The complaint was later amended to include claims for the recovery of part of the purchase price and for damages allegedly caused by the defendants' removal of certain equipment from the car.) After Rags posted a bond, with the appellant's predecessor as surety, a writ of possession was issued for the return of the car to Rags. Thoroughbred returned the car. By an agreed order, Thoroughbred waived a preliminary possessory hearing since Rags had posted a bond.

In their answer, the defendants raised a number of defenses, including fraud. The defendants generally denied Rags's allegation that the defendants had no claim to the car and that their retention of the car amounted to conversion. Thoroughbred also filed a counterclaim and a third-party complaint against the president of Rags pursuant to Tenn.Code Ann. § 47–18–109(a)

(1984) (current version at Tenn.Code Ann. § 47–18–109(a) (1988)) and 15 U.S.C. § 1989(a)(1) (1982) for willful certification of inaccurate odometer mileage. On motion of the third-party defendant, the court dismissed the cause of action against the president of Rags for the alleged violation of Tenn.Code Ann. § 47–18–109(a). The counterclaim and third-party complaint were later amended to request compensatory and punitive damages for alleged breach of contract and fraud in connection with an attempted settlement.

On October 20, 1986, the court granted appellant's motion for counter security. The basis of the motion was Rags's lack of diligence in pursuing the lawsuit, failure to pay a renewal premium on the bond, and failure to provide the surety with adequate security.

After a trial, the chancellor dismissed with prejudice Rags's complaint and awarded Thoroughbred a judgment against Rags and its president, jointly and severally, on the counterclaim and third-party complaint. The total amount of the judgment was $29,738.21, which represented a trebling (pursuant to 15 U.S.C. § 1989) of the actual damages of $4,437.00, plus $8,927.21 in attorney's fees and $7,500.00 in punitive damages. The chancellor further authorized Thoroughbred to apply for execution and/or garnishment against the surety, appellant National Bond and Surety Corporation.

The surety filed a motion to alter or amend the judgment to limit its liability to the amount of actual damages. The chancellor denied the motion and the surety appealed.

The only issue on appeal is whether the surety should be liable for the judgment entered below. The surety argues that the chancellor erred in holding the surety liable because the issue of Rags's right to possession of the car was not contested. Thoroughbred contends that possession was contested and, citing general suretyship principles, argues that the chancellor's decision was correct.

■ The logical place to begin in determining the extent of a surety's liability is the surety bond. Rags, with the appellant as surety, posted a bond in the amount of $58,000. The key terms of the bond are as follows:

The Condition of the above Obligation is such, That whereas, the said Rags, Inc. hath ... prayed for and obtained ... a Writ of Possession of a certain 1983 Ferrari ...:

Now, if the said Rags, Inc. shall prosecute the said suit with effect or in the case of failure therein, it shall well and truly pay and satisfy all such debts, costs and damages which the said Thoroughbred Motor Cars, Inc. or either of them may recover against the said _____ [blank] in any *suit or suits which may hereafter be brought for wrongfully suing out said Writ of Possession* and shall moreover abide by and perform such orders and decrees as the Court may make in this cause, and pay such costs and damages as the Court may order, then the above obligation to be void....

(emphasis added).

The terms of the bond indicate that the surety's obligation is limited to paying Thoroughbred's recovery for Rags's wrongful suing out of the writ of possession. The surety obligated itself to pay Thoroughbred's damages and costs in the event that a court later found that Thoroughbred was entitled to the car. The amount of the bond coincides with the cost of the car because the car is the protected item. The language following the section underlined in the above quotation from the bond merely clarifies the surety's obligation to follow all court orders pertaining to a suit for wrongfully suing out the writ.

Contrary to Thoroughbred's contention, the surety's motion for counter security does not indicate that the bond covers more than costs and damages due to wrongfully suing out a writ of possession. Due to Rags's lack of diligence in pursuing its suit and failure to protect the surety's interests, the surety simply wanted to protect itself.

Based on the bond's terms and the purpose for which it was posted, we conclude that the bond is a possession bond, not a general litigation bond.

Tenn.Code Ann. §§ 29–30–101—29–30–111 (1980) govern actions to recover personal property. These provisions were enacted in 1973 after the former replevin statute was declared unconstitutional to the extent that it allowed deprivations of property without the right to a prior hearing. *See Mitchell v. Tennessee*, 351 F.Supp. 846 (W.D.Tenn.1972). Although the present statutory provisions include new procedural safeguards, their purpose is the same as that of the old replevin statute—to determine who has the right to possession of disputed property. *See Jenkins v. Franks*, 31 Tenn.App. 391, 215 S.W.2d 694 (1947). Thus, the nature of the related surety bond remains the same: "The contract of the surety is to abide by and perform the judgment of the Court, so that if there is no judgment for the return of the property, the surety cannot be held for the breach of the bond." *Parks v. McGuire*, 197 Tenn. 32, 36, 270 S.W.2d 347, 348 (1954).

Thoroughbred argues that possession of the car was contested and that, since Thoroughbred prevailed, the surety must pay the damages. To support its assertion that possession was contested, Thoroughbred points to the general denial in the defendants' answer of the allegation that the defendants had no claim to the car. Thoroughbred also emphasizes that it waived a possessory hearing because Rags had posted a bond. Since Rags's complaint was dismissed and damages awarded to Thoroughbred, Thoroughbred argues that it won on the issue of possession and the surety should pay the damages awarded.

■ Despite Thoroughbred's general denial and the fact that a bond was posted and a writ of possession issued, neither Thoroughbred's answer nor its counterclaim and third-party complaint included a request for the possession of the car. While resisting Rags's claims for recovery, Thoroughbred did not pray the court to award it the car; it did not assert a lien or

seek rescission of the contract. Though the trial court dismissed Rags's complaint, it did not order that Thoroughbred be given the car. Thus, from the record on appeal, it appears that Thoroughbred waived the possession issue.

Thoroughbred could have brought an action against Rags for wrongfully suing out the writ of possession, and the surety would have been liable for any damages awarded to Thoroughbred in such an action. However, Thoroughbred did not bring any claim for wrongfully suing out the writ. Rather, its only claims against Rags were for wrongful odometer certification, breach of contract and fraud, none of which had any relation to the car in question.

Thoroughbred's reliance on *Barry v. Frayser*, 57 Tenn. (10 Heisk.) 206 (1872), to support its position is misplaced. The portion of the opinion cited by Thoroughbred for the proposition that a surety on a replevin bond must abide by the court's decision and orders involves the issue of a surety's power to challenge a decree entered against its principal (or the principal's personal representative). *See id.* at 214. The remainder of the opinion focuses on construing the terms of the particular bond at issue in *Barry.*

Thoroughbred also cites authority for several basic suretyship principles to support its position. In one argument, Thoroughbred relies on the propositions that a compensated surety stands in the same position as its principal and that a compensated surety is liable for all damages for which its principal is liable. *See, e.g., Exchange Mutual Insurance Co. v. Olsen*, 667 S.W.2d 62 (Tenn.1984) (surety stands in principal's shoes); *Southern Roofing & Petroleum Co. v. Aetna Ins. Co.*, 293 F.Supp. 725 (E.D.Tenn.1968) (surety held liable for liquidated damages); *Gaston v. Gibson*, 328 F.Supp. 3 (E.D.Tenn.1969) (surety liable for punitive damages). Although these principles are sound, they do not govern in the present case. A surety's liability is usually conditional. It would be nonsensical to hold a surety liable for any and all of its principal's debts simply because the surety obligated itself with respect to certain debts of the principal. Rather, the authorities cited by Thoroughbred indicate that, once a surety agrees to obligate itself with respect to certain debts, the surety's liability for those debts is coextensive with the principal's liability. In the present case, however, the damages awarded against the principal do not relate to the debts covered by the surety bond.

In another argument, Thoroughbred relies on the rule that any ambiguity in the terms of a bond should be construed against the compensated surety. *See, e.g., United States v. Glens Falls Ins. Co.*, 279 F.Supp. 236 (E.D.Tenn.1967). This rule does not govern in the present case because the terms of the bond clearly indicate the conditions under which the surety will be liable.

In light of the nature of the bond, the surety should not be liable for the judgment entered on Thoroughbred's counterclaim and third-party complaint for wrongful odometer certification, breach of contract and fraud. The court below apparently did not award Thoroughbred possession of the car and Thoroughbred brought no claim for a wrongful suing out of the writ of possession.

The judgment of the court below against the surety is reversed and the cause is remanded to the Chancery Court of Davidson County. Tax the costs on appeal to the appellee Thoroughbred Motor Cars, Inc.

TODD, P.J., and LEWIS, J., concur.