In the Matter of the Will of CHARLES E. PADGETT,
Deceased.—387 S.W.(2d) 355.

Middle Section.  March 27, 1964.

Certiorari Denied by Supreme Court December 9, 1964.

2

Paul F. Bumpus, Nashville (Gullett, Steele & Sanford and W. Harold Bigham, Nashville, on the brief), for contestants.

Thos. E. Humphrey, Jr., Columbia, for executrix.

R. L. Harris, Jr., Shelton & Shelton, Columbia, Tenn., for proponents.

SHRIVER, J.   This is a will contest involving the question which of two holographic instruments is the last will and testament of Charles E. Padgett, deceased, or whether either of said instruments can be sustained as his last will and testament. This is the second time that this litigation has been before this Court. The Court's earlier opinion in this matter is reported in 51 Tenn.App. 134, 364 S.W.(2d) 947.

At the trial of this cause which gave rise to the earlier appeal the trial Judge withdrew the case from the jury and directed a verdict in favor of the instrument generally referred to in the record as the "double-dated-will", which instrument bears the date January 15, 1959 at the top of the first sheet and the date August 31, 1959 at the bottom of the second sheet just above the signature of the testator. The other holographic instrument in question is dated April 10, 1959.

On the prior appeal by the proponents of the April 10th will, this Court reversed and remanded the cause holding, inter alia, that the evidence in the case raised an issue for submission to the jury and that it was; therefore, error on the part of the trial Judge to direct a verdict.

4

On remand the case was tried before the Court and jury and evidence was introduced by the proponents of both instruments. The jury returned a verdict in favor of the "double-dated-will" finding it to be the true last will and testament of Charles E. Padgett, deceased, and judgment was entered thereon.

After the motion for a new trial was overruled the cause was appealed in error to this Court and assignments filed on behalf of the proponent of the April 10th will.

## ASSIGNMENTS OF ERROR

"1. There was no evidence to support the verdict of the jury that the double-dated-instrument was the last will and testament of Charles E. Padgett, deceased, and the trial court should have granted the appellants' motion for a new trial on this ground.

"2. The trial Court erred in declining to charge and instruct the jury, as requested by the appellants herein, that where a will contains two dates, one at the beginning and a different one at the end, there is no presumption as which date is correct in the absence of proof."

## THE FACTS

In view of the foregoing summary of the facts it will not be necessary to elaborate to any great extent on them.

It is asserted by counsel for the appellees, proponents of the double-dated-will, that the record before the Court on this appeal contains the same proof found in the record in the earlier litigation on which this Court based its opinion and that there is no material difference in

the proof in the two trials and this statement is not challenged by counsel for the appellants.

In our opinion on the prior appeal (51 Tenn.App. 134, 364 S.W.(2d) 947) the following pertinent facts are set forth which are also shown in the record before us now:

The decedent, a prominent Maury County funeral director, left two contradictory handwritten instruments. One was dated April 10, 1959 and is generally referred to as the "April will". The other has two dates, to wit, January 15, 1959 at the top of the first sheet, and August 31, 1959 at the bottom of the second sheet and it is generally referred to in the record as the "Double-dated-will".

Mrs. Charlotte Padgett, the surviving widow, was named executrix in both instruments. A comparison of the two wills reveals that the widow would receive a somewhat larger amount under the double-dated-will than under the April will.

The executrix probated in common form the April will on March 9, 1961, following the death of the testator on March 1, 1961, and qualified as executrix thereunder. Thereafter, she filed a petition for revocation of the probate of the April will and tendered both instruments for consideration asking that the Court determine which of said paper writings is the last will and testament of Charles E. Padgett, or, if either of them is his last will and testament.

The cause was transferred to the Circuit Court for trial and, as hereinabove stated, at the conclusion of the proof the trial Judge withdrew the case from the jury and directed a verdict in favor of the double-dated-will.

The appellants herein are the nieces and nephews of the decedent who would share under the residuary clause of the April will but who are excluded from benefits under the double-dated-will.

The executrix, while asserting her neutrality and her willingness to serve under either will, expresses the firm opinion that this litigation should be terminated and that the verdict and judgment of the trial Court should be affirmed.

The April will was witnessed with all the formalities of an attested will and meets the requirements of such will as well as those of holographic will. It was executed at the place of business of the decedent which was a funeral home and bears the signature of two witnesses.

On February 9, 1960 Miss Charlotte Scott, a friend of the testator who later married him and is the executrix named in both instruments, was handed a sealed envelope by him with her name written thereon and he asked her to put it in her lock box. When this envelope was opened following the death of the testator it contained the April will and a list of the property owned by him.

The double-dated-will was found in the cubby-hole of decedent's desk at his residence, and the negro maid who had worked for him for many years stated that she first noticed the envelope containing it in the desk in January or February 1960 and pointed it out to Miss Charlotte, who later placed it in her lock box but this was without instructions from the testator, Mr. Padgett. She did not know what was in the envelope until she opened it after his death.

In our former opinion we stated:

"As has been held in many of our cases, it is for the jury to determine from all the evidence, both intrinsic and extrinsic whether or not the decedent intended the instrument to operate as a will.

"There can be no exercise of the power to direct a verdict in any case where there is a dispute as to any material evidence, or any legal doubt as to the conclusion to be drawn from the evidence upon the issues to be tried. Smith v. Weitzel, 47 Tenn.App. 375, 338 S.W.(2d) 628; Scott v. Atkins, 44 Tenn.App. 353, 371, 314 S.W.(2d) 52; Curry v. Bridges, 45 Tenn.App. 395, 325 S.W.(2d) 87.

"We are of opinion that the evidence in this case raises an issue for submission to the jury and that it was error on the part of the Trial Judge to direct a verdict."

## CONCLUSIONS OF LAW AND FACT

It is earnestly argued by counsel for appellant that even a summary reading of the transcript will leave any objective observer at an utter loss to explain the jury's verdict, and that there is nothing in the record to support the jury's finding that the document dated August 31st is the true will and testament of Mr. Padgett, but that everything in the record points to the opposite conclusion, i. e., that the will dated April 10, 1959 was intended by him to be the document disposing of his estate. The opinion and decree of this Court on the former appeal is the law of the case unless the proceedings at the trial on remand raised new and different questions, or, unless the proof adduced at that hearing requires a different disposition.

As noted hereinabove, we stated in the prior decision;

"We are of opinion that the evidence in this case raises an issue for submission to the jury and that it was error on the part of the Trial Judge to direct a verdict."

It is argued with some force by counsel for appellees that the first assignment of the appellants, in effect, complains of a failure of the trial Judge to direct a verdict in favor of the April will even though they did not move for a directed verdict on the second trial but now ask this Court to direct a verdict in favor of the April will.

Since, as above indicated, we find no substantial difference in the evidence adduced at the second trial from that in the record of the first trial, it is difficult to escape the conviction that this holding is conclusive of the question on the appeal.

As was stated in Gregory v. Susong, 185 Tenn. 232, 205 S.W.(2d) 6;

" 'Revocation is a question of intention, and evidence is admissible to show that intention, by any act done, or believed to have been done. The act done, or aimed to be done, as well as the purpose of the mind for which it was done, are matters of fact for the jury. * * And these may be established as other facts, by one creditable witness, or convincing circumstances. But what facts amount to a revocation is, of course, a question of law.' "

As is pointed out by counsel for the appellees there are several ways in which the jury may have looked at and considered the evidence with respect to these two wills which were before them. It is of course true that this Court did not in the former opinion intend to invade the province of the jury and find as a fact that the

two pages of the double-dated-will were written on the same date or at the same sitting by the testator and that, therefore, one of the dates was an error or mistake, for this is a factual matter for consideration by the jury.

We cannot say that it would be unreasonable to infer from the documents and from the facts presented in the case that the paper writing dated January 15, 1959 was a first page of a completed will, or an intended one, and that the second page thereof was later replaced or supplied bearing the date of August 31, 1959, which might thus be considered as the date on which the instrument was completed and published. As to what conclusions the jury may have reached about the distinguishing characteristics between the writing on the first and second page of this instrument is not known, except that they did conclude that the document was executed on August 31, 1959, after the date of the April will. There are several other matters in connection with this that are pointed out in the arguments which it is not necessary to reiterate here. Suffice it to say, that we are not in position to hold that all reasonable minds must agree to the conclusions urged by counsel for appellants or that, when we indulge all reasonable inferences from the proof favorably to the verdict, it cannot stand because of a lack of evidence, although, as an original proposition, the writer of this opinion would probably have reached a different conclusion than that reached by the jury.

As was said in Wilson v. Gadd, 4 Tenn.App. 582, notwithstanding the fact that the Appellate Court might feel that the jury had not weighed the evidence well, it will not reverse the case on that account.

Again, in one of our early Tennessee Appeals cases, Kingsport Utilities, Inc. v. Mort, 2 Tenn.App. 270, it

was said that as to all controverted facts, the jury has settled the matter and it is the duty of the Appellate Court to look alone to the evidence which tends to sustain the verdict and not consider any evidence to the contrary.

A similar holding was announced in the early case, Nighburt v. Hornsby, 100 Tenn. 82, 42 S.W. 1060, 66 Am.St.Rep. 736, and in many later cases.

■ In spite of the fact that there is considerable evidence in the record that indicates that the deceased, Mr. Padgett, may have considered the document dated April 10, 1959 as his last will and testament, we are reminded that a mere intention to revoke or destroy a will unaccompanied by some act of destruction, mutilation or cancellation is not sufficient and that a written will cannot be revoked by parol. Jones v. Jones, 143 Tenn. 596, 228 S.W. 405; Hickey v. Beeler, 180 Tenn. 31, 171 S.W.(2d) 277.

■ Where a valid will exists which the testator has forgotten and the evidence tends to show that he regarded himself as intestate, a revocation is not thereby accomplished. Grimes v. Nashville Trust Co., 176 Tenn. 366, 141 S.W.(2d) 890.

■ The general rule applicable in a case of this kind is stated in 95 C.J.S. Wills sec. 275, and 67 Am.Jur. Sec. 8188, to be that it is ordinarily presumed in proceedings for the probate of a will that it was executed on the day of its date particularly in the case of a holographic instrument and the burden of adducing evidence to impugn the written date of the will is on one alleging its incorrectness.

■ From all the above it results that assignment No. 1, is overruled.

■ The second assignment is to the effect that the Court erred in declining to charge the jury as requested by the appellant herein, that where a will contains two dates, one at the beginning and a different one at the end, there is no presumption as to which date is correct in the absence of proof.

We have read the Court's charge and are of the opinion that it was fair and correct and that the jury did not misunderstand the issue to be decided nor were the appellants herein prejudiced by the refusal of the Court to charge the special request in question.

The Court explained to the jury in simple terms that if they found as a fact from all the proof that the January 15, 1959 date was the true date of the double-dated-will then in that event the April 10, 1959 will, being subsequent to the other and in conflict with it, would operate as a revocation of the January 15, 1959 will and would stand as the last will and testament of the deceased, whereas, if they found from the proof and the record that August 31, 1959 was in fact the true date of that instrument, then it would, in effect, operate as a revocation of the April 10, 1959 will and would be the true will of the deceased, inasmuch as there is no question made by either party as to the fact that both instruments were written and signed by the testator.

The Court then discussed the theories and contentions of the parties in this suit and we think submitted these questions for the determination of the jury with clear and proper instructions.

12

It, therefore, results that the assignments are over-ruled and the judgment of the trial Court is in all things affirmed.

The cause will be remanded to the trial Court for such other and further proceedings as may be necessary and proper in the premises. The costs below will abide the judgment of the trial Court, the costs on appeal will be paid by the appellants and their sureties.

Affirmed and remanded.

Humphreys and Chattin, JJ., concur.